IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RICK WEAVER BUICK GMC, INC.<br>ADAM JAMES WEAVER<br>DOUGLAS ALAN GROOMS<br>ADAM BRAYTON COOVER | Criminal No. 16-30 Erie |

## SUPERSEDING INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Soo C. Song, Acting United States Attorney for the Western District of Pennsylvania, and Christian A. Trabold, Assistant United States Attorney for said District, and submits this Superseding Indictment Memorandum to the Court:

### I. THE SUPERSEDING INDICTMENT

A Federal Grand Jury returned a thirteen-count Superseding Indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|---|---|---|---|
| 1 | Conspiracy to commit wire fraud<br>In and around May 2015 until in and around March 2016 | 18 U.S.C. § 1349 | All |
| 2-13 | Wire fraud<br>In and around May 2015 until in and around March 2016 | 18 U.S.C. § 1343 | All |

## II. ELEMENTS OF THE OFFENSES

### A. As to Count 1:

In order for the crime of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1. That the conspiracy, agreement, or understanding to commit violations of 18 U.S.C. § 1343 as described in the Superseding Indictment, was formed, reached, or entered into by two or more persons.

    2. At some time during the existence of the conspiracy, agreement or understanding, the defendant knew the purpose of the agreement, and, with that knowledge, then deliberately joined the conspiracy, agreement or understanding.

> O'Malley, Grenig and Lee, 2 Federal Jury Practice and Instructions § 31.03 (2002) (revised to exclude overt act requirement, see Whitfield v. United States, 125 S.Ct. 687, 691 (2005); United States v. Shabani, 513 U.S. 10, 16 (1994)).

### B. As to Counts 2 through 13:

In order for the crime of wire fraud, in violation of 18 U.S.C. § 1343, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1. That the defendants devised a scheme to defraud or to obtain money or property or the intangible right of honest services by materially false or fraudulent pretenses, representations or promises or willfully participated in such a scheme with knowledge of its fraudulent nature.

    2. That the defendants acted with the intent to defraud.

       3.      That in advancing, furthering, or carrying out the scheme, the defendants transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

Third Circuit Model Criminal Jury Instruction 6.18.1343.

### III. PENALTIES

**A.**     **As to Count 1: Conspiracy to commit wire fraud (18 U.S.C. § 1349):**

       1.      Imprisonment of not more than thirty (30) years (18 U.S.C. § 1349).

       2.      A fine not more than the greater of:

       (a) $1,000,000 (18 U.S.C. §§ 3571(b)(3) and (c)(3));

       <u>or</u>

       (b)     an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d)).

       3.      A term of supervised release of not more than three (3) years (18 U.S.C. § 3583).

       4.      Any or all of the above.

  B. **As to Counts 2, 4 through 10 and Count 13: Wire fraud (18 U.S.C. § 1343):**

    1. Imprisonment of not more than thirty (30) years (18 U.S.C. § 1343).

    2. A fine not more than the greater of:

     (a) $1,000,000 (18 U.S.C. §§ 3571(b)(3) and (c)(3));

     <u>or</u>

     (b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d)).

    3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583).

    4. Any or all of the above.

  C. **As to Counts 3, 11 & 12: Wire fraud (18 U.S.C. § 1343):**

    1. Imprisonment of not more than twenty (20) years (18 U.S.C. § 1343).

    2. A fine not more than the greater of:

     (a) $250,000 for an individual defendant and $500,000 for an organization (18 U.S.C. §§ 3571(b)(3) and (c)(3));

or

    (b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d)).

  3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583).

  4. Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution may be required in this case as to Counts One through Thirteen, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. FORFEITURE

Not applicable in this case.

Respectfully submitted,

SOO C. SONG
Acting United States Attorney

*/s/ Christian A. Trabold*

CHRISTIAN A. TRABOLD
Assistant U.S. Attorney
PA ID No. 75013