IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 16-30 Erie |
| | ) | |
| RICK WEAVER BUICK GMC, INC. | ) | |
| ADAM JAMES WEAVER | ) | |
| DOUGLAS ALAN GROOMS | ) | |
| ADAM BRAYTON COOVER | ) | |

**GOVERNMENT'S MOTION IN LIMINE REGARDING
PENALITES AND POSSIBLE SENTENCES**

On August 8, 2017, a federal grand jury in Erie, Pennsylvania, returned a Superseding Indictment charging Rick Weaver Buick GMC, Inc., Adam James Weaver, Douglas Alan Grooms, and Adam Brayton Coover with conspiring to commit wire fraud in violation of 18 U.S.C. § 1349, and twelve counts of wire fraud in violation of 18 U.S.C. § 1343. Trial in this case is scheduled to begin October 24, 2017.

The government respectfully moves this Court for an Order precluding the defense from referring, either directly or indirectly, to the potential penalties, statutory maximums, or possible sentencing range upon conviction in the presence of the jury. When, as in this case, the jury has no sentencing function, it should be admonished to "reach its verdict without regard to what sentence might be imposed."  *Shannon v. United States*, 512 U.S. 573, 579 (1994), *citing Rogers v. United States*, 422 U.S. 35, 40 (1975); *United States v. Pabon-Cruz*, 391 F.3d 86 (2d Cir. 2004). The presentation of such information to the jury creates a substantial danger that the jury will consciously or unconsciously allow knowledge of such punishment to impact their deliberations on the question of the defendant's guilt.   "The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged." *Shannon*,

512 U.S. at 579.   Information regarding the consequences of a verdict is irrelevant to the jury's task and should be inadmissible.   Providing jurors with sentencing information invites them to consider matters outside the facts and evidence and "creates a strong possibility of confusion."  *Id. See Pope v. United States*, 298 F.2d 507, 508 (5th Cir. 1962).

Therefore, the government requests that the defense be precluded from mentioning during the trial, either directly or indirectly, the statutory maximums, the possible sentences or the possible sentencing ranges involved in the case.

Respectfully submitted,

SOO C. SONG
Acting United States Attorney


S/Christian A. Trabold
CHRISTIAN A. TRABOLD
Assistant U.S. Attorney
PA ID No. 75013