IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 16-30 Erie |
| | ) | |
| RICK WEAVER BUICK GMC, INC. | ) | |
| ADAM JAMES WEAVER | ) | |
| DOUGLAS ALAN GROOMS | ) | |
| ADAM BRAYTON COOVER | ) | |

### GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING PRIOR GOOD ACTS BY RICK WEAVER BUICK GMC, INC. AND ADAM WEAVER OR THEIR LACK OF A CRIMINAL RECORD

On August 8, 2017, a federal grand jury in Erie, Pennsylvania, returned a Superseding Indictment charging Rick Weaver Buick GMC, Inc., Adam James Weaver, Douglas Alan Grooms, and Adam Brayton Coover with conspiring to commit wire fraud in violation of 18 U.S.C. § 1349, and twelve counts of wire fraud in violation of 18 U.S.C. § 1343. Trial in this case is scheduled to begin October 24, 2017.

The government respectfully moves this Court for an Order precluding the defense from presenting evidence or argument to the jury regarding prior good acts of the defendants, Rick Weaver Buick GMC, Inc., and Adam Weaver or their lack of a criminal record. The defendants should not be permitted to admit evidence of good conduct generally or extrinsic evidence of specific instances of good conduct. Rather, in advancing argument or offering evidence, the defendants must comply with the rules governing admission of character evidence of an accused.

**A.   General good conduct and specific instances of prior good conduct are inadmissible to prove conformity therewith.**

Federal Rule of Evidence 404(a)(1) provides that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in

accordance with the character or trait." This rule means that "[e]vidence of a person's character is generally not admissible to prove that he acted in conformity therewith on a particular occasion." *Government of the Virgin Islands v. Grant*, 775 F.2d 508, 510 (3d Cir. 1985). The rule applies to prior good acts as well as prior bad acts of the defendant. As the Sixth Circuit has explained, "For the same reason that prior 'bad acts' may not be used to show a predisposition to commit crimes, prior 'good acts' generally may not be used to show a predisposition not to commit crimes." *United States v. Dimora*, 750 F.3d 619 (6th Cir. 2014). In other words, "evidence of good conduct is not admissible to negate criminal intent." *United States v. Ellisor*, 522 F.3d 1255, 1270 (11th Cir. 2008).

Rule 404(a) includes a limited exception for criminal defendants. Rule 404(a)(2)(A) provides that a criminal defendant "may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it." As such, to be admissible, the character trait in question must be one that is pertinent to the issues before the jury -- that is, whether the victim possesses the trait must make a fact of consequence to the determination of the case more or less probable. *United States v. Angelini*, 678 F.2d 380, 381 (1st Cir. 1982).

Even if a trait is pertinent under Rule 404(a)(2) it may still be excluded if "its probative value is substantially out-weighed by the danger of unfair prejudice." Fed. R. Evid. 403. *United States v. Guardia*, 135 F.3d 1326, 1331 (10th Cir. 1998) ("Furthermore, courts apply Rule 403 in undiluted form to Rules 404(a)(1)-(3) ...."); *see also United States v. Angelini*, 678 F.2d 380, 381 (1st Cir.1982) ("The word 'pertinent' is read as synonymous with 'relevant.' "); *United States v. Hewitt*, 634 F.2d 277, 279 (5th Cir. 1981) (same).

Even if character evidence is admissible under Rules 404(a)(2) and 403, the form of that evidence is limited by Rule 405. Rule 405 states, "When evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of any opinion." *See United States v. White*, 737 F.3d 1121, 1137 (7th Cir. 2013) ("Rule 405 limits the form [404(a)(2)] evidence can take."); *United States v. Jackson*, 549 F.3d 963, 976 (5th Cir. 2008) (affirming district court's refusal to admit disciplinary records to show witness's violent character because Rule 405 limits admission of prior specific instances of conduct and violence was not an essential element of defense).

Specific instances of conduct are inadmissible as character evidence, except "[i]n cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense." Fed. R. Evid. 405(b). In this case, because there is no character trait that is an essential element of a "charge, claim, or defense," the defendant should be precluded from presenting evidence about any specific instances of conduct, including through cross-examination. *See, e.g.*, *United States v. Rosin*, 263 F. App'x. 16, 30 (11th Cir. 2008) (district court properly excluded evidence of the defendant's reputation for engaging in charitable activities in health care fraud prosecution); *United States v. Washington*, 106 F.3d 983, 999-1000 (D.C. Cir. 1997) (district court did not abuse its discretion in excluding evidence of defendant police officer's commendations under Rule 404 and 405; they were specific acts which were not relevant to the narcotics and bribery charges and did not pertain to an essential element of the alleged defense of lack of predisposition); *United States v. Manfredi*, 2009 WL 3762966, at *2-4 (W.D. Pa. Nov. 9, 2009) (because greed was not an element of the offense of tax evasion, the defendants' proposed evidence of the character trait of generosity and specific acts of generosity was irrelevant and

3

inadmissible under Rules 404(a)(1) and 405(b)). The defendant cannot likewise present testimony about specific good acts through the testimony of a character witness explaining the basis of his or her relationship with the defendant. *See Manfredi*, 2009 WL 3762966, at *5 (testimony of bishop who participated in numerous charitable activities with the defendants limited to testifying about the period of time he has known the defendants, that they were parishioners at his church, and that his interactions with them were primarily related to church activities to establish basis for his opinion of their character).

### B. Evidence of defendant's lack of a criminal record and prior lawful or non-corrupt conduct are also inadmissible

The same reasoning applies to the criminal records of the dealership and Weaver. Just as evidence of a defendant's "bad record" is generally not admissible at trial, evidence of a defendant's "clean record" should be excluded pursuant to Federal Rules of Evidence 401, 403, and 405. *Grant*, 775 F.2d at 512 (noting court's discretion and finding no error in trial court's exclusion of evidence that defendant had no prior arrests); *United States v. Barry*, 814 F.2d 1400, 1404 (9th Cir. 1987) (finding no abuse of discretion where trial court precluded "general evidence of an absence of criminal conduct").

The government respectfully requests that the Court issue an order precluding the defense from arguing, or eliciting evidence, regarding the defendant's lack of convictions or prior arrests. Similarly, the government also moves to exclude all evidence and argument related to the defendant's lawfulness or non-corrupt conduct, except opinion and reputation evidence admissible pursuant to Federal Rule of Evidence 405(a). Of course, should the defendant introduce such character evidence, the government must be allowed on cross-examination to inquire into relevant specific instances of the defendant's conduct.

Wherefore, the government respectfully requests that any evidence related to the good conduct or lack of a criminal record of the defendants, Rick Weaver Buick GMC Inc. and Adam Weaver, be precluded at trial by the Court.

    Respectfully submitted,

    SOO C. SONG
    Acting United States Attorney

    <u>S/Christian A. Trabold</u>
    CHRISTIAN A. TRABOLD
    Assistant U.S. Attorney
    PA ID No. 75013