IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 16-30 Erie |
| | ) | |
| RICK WEAVER BUICK GMC, INC. | ) | |
| ADAM JAMES WEAVER | ) | |
| DOUGLAS ALAN GROOMS | ) | |
| ADAM BRAYTON COOVER | ) | |

**GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF ALLEGED EXCULPATORY OUT-OF-COURT STATEMENTS OF THE DEFENDANT, ADAM WEAVER**

On August 8, 2017, a federal grand jury in Erie, Pennsylvania, returned a Superseding Indictment charging Rick Weaver Buick GMC, Inc., Adam James Weaver, Douglas Alan Grooms, and Adam Brayton Coover with conspiring to commit wire fraud in violation of 18 U.S.C. § 1349, and twelve counts of wire fraud in violation of 18 U.S.C. § 1343. Trial in this case is scheduled to begin October 24, 2017.

The government anticipates that it will introduce in its case-in-chief evidence of incriminating statements made by the defendant, Adam Weaver, including portions of a conversation between Adam Weaver and FBI Special Agent Mike Thoreson, as well as numerous incriminating text messages from Adam Weaver to others. Where offered by the government, such statements are admissible as an exception to the hearsay rule, including as admissions of a party opponent pursuant to Federal Rule of Evidence 801(d)(2)(a).

The government may elect not to admit certain other statements it deems misleading, confusing, or self-serving which occurred either apart from or in the same context as those mentioned above. However, the defense should not be permitted to elicit, through testimony or

otherwise, any such hearsay statements of the defendant. Out-of-court allegedly exculpatory statements of a defendant are hearsay, and are not admissible if offered by a defendant. *United States v. Hoffecker*, 530 F.3d 137, 191-192 (3d Cir. 2008); *United States v. Ferri*, 778 F.2d 985, 990-991 (3d Cir. 1985); *United States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996). The rules of evidence do not provide an exception "for self-serving, exculpatory statements made by a party which are being sought for admission by that same party." *Wilkerson*, 84 F.3d at 696. Out-of-court statements of this sort are inadmissible hearsay whether elicited through a third party witness, or repeated by the defendant himself, should he choose to testify. *See* Fed.R.Evid. 801.

Likewise, a defendant's allegedly exculpatory statements are not rendered admissible by the defense merely because they occur within the same context as his inculpatory statements offered into evidence by the government. The "rule of completeness," codified in Federal Rule of Evidence 106, provides that:

> [w]hen a writing or recorded statement thereof is introduced by a party, an adverse party may require the introduction at that time of any other part of any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

Fed.R.Evid. 106. The Third Circuit has explained that additional portions of a defendant's written or recorded statement may be presented to the jury "if it is necessary to (1) explain the admitted portion, (2) place the admitted portion in context, (3) avoid misleading the trier of fact, or (4) insure a fair and impartial understanding." *Hoffecker*, 530 F.3d at 192 (quoting *United States v. Soures*, 736 F.3d 87, 91 (3d Cir. 1984)) (further citation omitted). "The Rule does not require introduction of portions of a statement that are neither explanatory of nor relevant to the passages that have been admitted." *Id*. However, the rule of completeness does not "render admissible evidence which is otherwise inadmissible under the hearsay rules." *Wilkerson*, 84 F.3d at 696 (citing *United*

*States v. Woolbright*, 831 F.2d 1390, 1395 (8th Cir. 1987)); *United States v. Lentz*, 524 F.3d 501, 526 (4th Cir. 2008).  While it is true that courts have found that Federal Rule of Evidence 611 encompasses a rule of completeness for oral statements, the same limitations set forth by the Third Circuit in *Soures* also apply to a defendant's attempt to introduce self-serving statements occurring as part of an oral statement.  *United States v. Green*, 694 F.Supp. 107, 110 (E.D. Pa. 1988).

Wherefore, the government respectfully requests that the defendant, Adam Weaver, be precluded from offering his own out-of-court exculpatory hearsay statements during the upcoming trial.  Allowing such statements into evidence would allow Weaver to offer his testimony without being subject to cross-examination.  Such a result is expressly forbidden by the Federal Rules of Evidence.

Respectfully submitted,

SOO C. SONG
Acting United States Attorney


S/Christian A. Trabold
CHRISTIAN A. TRABOLD
Assistant U.S. Attorney
PA ID No. 75013