IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 16-30 Erie |
| | ) | |
| RICK WEAVER BUICK GMC, INC. | ) | |
| ADAM JAMES WEAVER | ) | |
| DOUGLAS ALAN GROOMS | ) | |
| ADAM BRAYTON COOVER | ) | |

**GOVERNMENT'S MOTION IN LIMINE REGARDING
SELECTIVE PROSECUTION/CHARGING DECISIONS**

On August 8, 2017, a federal grand jury in Erie, Pennsylvania, returned a Superseding Indictment charging Rick Weaver Buick GMC, Inc., Adam James Weaver, Douglas Alan Grooms, and Adam Brayton Coover with conspiring to commit wire fraud in violation of 18 U.S.C. § 1349, and twelve counts of wire fraud in violation of 18 U.S.C. § 1343. Trial in this case is scheduled to begin October 24, 2017.

The government anticipates that the defense may attempt to introduce, either in its case in chief or on cross-examination of prosecution witnesses, that other car dealerships or individuals that sold cars to C.A. and R.M. were not charged with any crimes. Such evidence or argument would be wholly inappropriate for the jury to hear.

First, the claim that others who may have been similarly situated could have been charged but were not, even if true, is not a factual defense that bears upon whether the defendants are guilty. Rather, this claim is essentially a constitutional defense of selective prosecution, which is never a jury question.   As the Third Circuit stated in *United States v. Berrigan*, 482 F.2d 171, 175 (3d Cir. 1973), "[t]he question of discriminatory prosecution relates not to the guilt or innocence of appellants, but rather addresses itself to a constitutional defect in

the institution of the prosecution." Such matters are for the Court, and not the jury, to decide. *Id*., *United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1983); *United States v. Abboud*, 438 F.3d 554, 579 (6th Cir. 2005); *United States v. Napper*, 553 F.Supp. 231, 232 (E..D. N.Y. 1982) ("The defendant does not have the right to present a selective prosecution claim to a jury.").

Second, evidence that other car dealerships or individuals have not been charged has no probative value and carries great danger of juror confusion.   Whether to charge an individual or entity and what crimes to charge are matters of prosecutorial discretion.   *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).   These decisions have nothing to do with the guilt of the defendants going to trial.   Allowing the jury to hear evidence concerning the possible charging of other defendants invites the jury to impermissibly speculate upon and consider the government's charging discretion.   These issues distract the jury from their only function, determining whether or not the government has met its burden to prove that the defendants before them committed the offenses charged in the Superseding Indictment.

The Supreme Court has counseled that district courts should prevent defense arguments from ranging "out of bounds" to unfair and unsupported issues regarding the government's motives or tactics.   *See United States v. Young*, 470 U.S. 1, 13 (1985).   The best way for the Court to follow the Supreme Court's directive is to prohibit exploration of issues at trial about charging decisions that are irrelevant. The Court's prohibition should extend to every possible method of presenting a defense: direct evidence, cross-examination, and attorney arguments in opening or summation. Selective prosecution or charging decision arguments, if raised, would be an obvious attempt to garner jury sympathy and seek a verdict unrelated to the evidence. Thus, such arguments or evidence should be precluded at the upcoming trial.

2

Wherefore, the government respectfully requests that any evidence which the defense intends to present which addresses selective prosecution issues or charging decisions by the prosecution be precluded by the Court.

Respectfully submitted,

SOO C. SONG
Acting United States Attorney

S/Christian A. Trabold
CHRISTIAN A. TRABOLD
Assistant U.S. Attorney
PA ID No. 75013