IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 16-30 Erie |
| | : | |
| RICK WEAVER BUICK GMC, INC. | : | |
| ADAM JAMES WEAVER | : | |
| DOUGLAS ALAN GROOMS | : | |
| ADAM BRAYTON COOVER | : | |

**RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF ALLEGED EXCULPATORY OUT-OF COURT STATEMENTS OF THE DEFENDANT, ADAM JAMES WEAVER AND MEMORANDUM IN SUPPORT**

**AND NOW,** comes the Defendant, ADAM JAMES WEAVER, by and through his counsel, DAVID G. RIDGE, ESQUIRE, and files the following Response and Memorandum in Support to the Government's Motion to Preclude Evidence of Exculpatory Out-Of-Court Statements, as follows:

**I.   RESPONSE**

1.  It appears as though the Government is attempting to make two arguments with regard to both the statement the defendant made to the Government, as well as out-of-court statements he may have made to third parties.

2.  The Government's Motion indicates that it will introduce in its case in chief the "incriminating statements" made by the defendant, including "portions" of the interview conducted by Special Agent Thoreson at the time of the execution of the Search Warrant at the Rick Weaver Buick property.

3.  The defense contends that if any portion of that statement is testified to by Special Agent Thoreson or any other law enforcement individual, that the defense would have the ability

to present the entire statement, either primarily through cross-examination of that witness as to all of their portions that the defense deems relevant and exculpatory. Although the Government certainly retains the right, as does any party, to elect what portions of evidence to use, such as which portions of the statement Weaver gave to the Agent, the Government does not retain the right, under any Rule of Evidence, to "pick and choose" or "cut and paste" only certain portions of a statement and prevent any other section out of evidence from the jury's consideration.

4. Also, the Government seemed to indicate that any other out-of-court statement could not be introduced into evidence by the defense either through cross-examination or in its case in chief. However, the applicable Federal Rules of Evidence say otherwise.

5. Therefore, the Government's Motion should be denied.

**II.     MEMORANDUM IN SUPPORT**

6. In its Motion, the Government makes a broad reference to Federal Rule of Evidence 801 concerning the definition of hearsay; and Federal Rule of Evidence 106 regarding "remainder of or related writings or recorded statements." It is worth repeating that "if a party introduces all or part of a writing or recorded statement, and an adverse party may require the introduction, at that time, of any other part, or any other writing or recorded statement – that in fairness ought to be considered at the same time." That Rule very clearly supports the defense's position that any portion of the defendant's statement to Special Agent Thoreson would be able to be introduced through cross-examination if the defense elects to do so.

7. Rule 801(d)(1)(B) and Rule 801(d)(1(C) could also become applicable, as could 803(6) because of the documents and recordings made in the regular course of business by this defendant and the Rick Weaver Buick defendant.

8. Even if the defendant does not testify, there may be occasions during the examination

and/or presentation of witnesses where out-of-court statements made by the defendant are admissible, especially when they are not admitted for the truth of the matter asserted and therefore do not qualify as hearsay under Rule 801(c)(1) and 801(c)(2).

9. It is impossible to provide a more specific response to the Government's Motion. The Government does not identify the witnesses from whom such statements would be elicited and does not identify the statement which it even anticipates that the defense will elicit. Therefore, it is impossible to take the first step of analysis which is a determination whether the proffered evidence is relevant and in conformity with the applicable Federal Rule of Evidence. Without a more specific proffer by the Government, it would be impossible for the defense and the Court to make a foundational determination whether such statements are relevant and then whether that relevant evidence would be subject to exclusion by the Constitution, and Act of Congress, or another Rule of Evidence.

10. Therefore, with regard to those types of objections raised by the Government, the Government's request is at the very least premature. With regard to the request that the defense be prohibited from introducing other sections of the defendant's statement to the Special Agents, into evidence, primarily through cross-examination, the Government's request should be denied.

    Respectfully submitted,

    **THE RIDGE LAW OFFICE**

    BY:    s/David G. Ridge, Esquire
        David G. Ridge, Esquire
        246 West Tenth Street
        Erie, Pennsylvania 16501
        (814) 454-1010

Response Out Of Court Statemt         Attorney for the Defendant Adam Weaver

## IN THE UNITED STATES DISTRICT COURT

### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| **v.** | :   Criminal No. 16-30 Erie |
| | : |
| **RICK WEAVER BUICK GMC, INC.** | : |
| **ADAM JAMES WEAVER** | : |
| **DOUGLAS ALAN GROOMS** | : |
| **ADAM BRAYTON COOVER** | : |

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Response to Government's Motion in Limine to Preclude Evidence of Alleged Exculpatory Out-Of-Court Statements of the Defendant Adam James Weaver and Memorandum in Support was served this date via email upon the following individuals, in accordance with Rules of this Court:

Christian A. Trabold, Esquire
Office of the U.S. Attorney
17 South Park Row, Room A330
Erie, Pennsylvania 16501
christian.a.trabold@usdoj.gov

Michael A. Agresti, Esquire
Marsh Spaeder, et al.
300 State St., Suite 300
Erie, Pennsylvania 16507
magresti@marshspaeder.com

W. Penn Hackney, Esquire
Office of the Federal Public Defender
1450 Liberty Center
1001 Liberty Avenue
Pittsburgh, Pennsylvania 15222-3714
penn_hackney@fd.org

Douglas Sughrue, Esquire
428 Forbes Ave., Suite 2400
Pittsburgh, Pennsylvania 15219
dsughrue@sughruelaw.com

**THE RIDGE LAW OFFICE**

By:   s/David G. Ridge, Esquire
David G. Ridge, Esquire

Dated: September 28, 2017

246 West Tenth Street
Erie, PA 16501
(814) 454-1010

Attorney for Defendant, Adam Weaver