IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 16-30 Erie |
| | ) | |
| RICK WEAVER BUICK GMC, INC. | ) | |
| ADAM JAMES WEAVER | ) | |
| DOUGLAS ALAN GROOMS | ) | |
| ADAM BRAYTON COOVER | ) | |

**GOVERNMENT'S NOTICE OF INTENT
TO INTRODUCE EVIDENCE PURSUANT TO RULE 404(b)**

The government hereby provides notice, pursuant to Rule 404(b) of the Federal Rules of Evidence, that it intends to introduce, in its case-in-chief, evidence that from January 2015 to February 2016, numerous separate vehicle sales occurred at Rick Weaver Buick GMC, Inc., which falsely listed a cash down payment as part of the transaction when no down payment was ever paid by the customer or the down payment listed by the dealership was dramatically inflated beyond the amount actually paid by the customer. Included in these transactions are the vehicle sales involved at Counts 2 and 10 of the Superseding Indictment. Moreover, Count One of the Superseding Indictment specifically indicates, at paragraph 17, that falsely indicating to the lending institution that a down payment had been provided by the purchaser was an aspect of the conspiracy in this case.

While the government intends to mention at trial that separate sales occurred from January 2015 to February 2016 that involved false down payment claims, the government does not intend to introduce documentary evidence of each transaction. Rather, the government plans to introduce documentation relative to only three such transactions, those occurring on March 17,

2015 , August 20, 2015, and September 22, 2015.  These dates are within the May 2015 to March 2016 time-period alleged in the Superseding Indictment or in close proximity.  For example, the September 22, 2015, vehicle sale at Rick Weaver Buick GMC, Inc. involved defendant, Adam Coover.  Coover purchased that vehicle using another individual's name and the auto loan paperwork submitted to the financial institution falsely indicated that a $6,000 down payment had been provided when no such down payment was paid.

False down payment claims were also part of numerous vehicle sales in 2014 at Rick Weaver Buick GMC, Inc. The government is not seeking to introduce evidence concerning those transactions, as they are somewhat distant from the time-period covered in the Superseding Indictment.

## **Legal Principles**

Rule 404(b) of the Federal Rules of Evidence provides that "on request by a defendant in a criminal case, the prosecutor must . . . provide reasonable notice of the general nature of any such evidence [of other crimes, wrongs, or acts] that the prosecutor intends to introduce at trial." Fed.R.Evid. 404(b).  "Evidence of other crimes, wrongs or acts . . . may . . be admissible . . . for [certain] purposes, such as motive, opportunity, *intent*, preparation, plan, *knowledge*, identity, or *absence of mistake or accident*."  *United States v. Boone*, 279 F.3d 163, 187 (3d Cir. 2002) (quoting Fed.R.Evid. 404(b)) (emphasis in original).  "Under Rule 404(b), evidence of other criminal conduct is 'admissible whenever relevant to a case other than [to show] the defendant's criminal propensity.'  The prime inquiry is whether the evidence is probative of a material issue other than character."  *Boone*, 279 F.3d at 187 (citations and footnote omitted).

It is well settled that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance

with the character." Fed.R.Evid. 404(b)(1).  However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed.R.Evid. 404(b)(2).

A four-part test governs the admissibility of other-acts evidence under Rule 404(b).  Such evidence must: (1) have a proper purpose; (2) be relevant; (3) satisfy the requirement under Rule 403 that its probative value outweigh the risk of unfair prejudice; and (4) be accompanied by a limiting instruction where requested.  *United States v. Green*, 617 F.3d 233, 249 (3d Cir. 2010).  "All this really means is that such evidence must have a nonpropensity purpose and satisfy the same relevancy requirements as any other evidence."  *United States v. Davis*, 726 F.3d 434, 441 (3d Cir. 2013).

The Third Circuit has repeatedly held that Rule 404(b) is a rule of inclusion, not exclusion and emphasized the admissibility of evidence under the Rule. *See, e.g., United States v. Long*, 574 F.2d 761, 765 (3d Cir. 1978); *United States v. Scarfo*, 850 F.2d 1015, 1019 (3d Cir. 1988); *United States v. Sampson*, 980 F.2d 883, 886 (3d Cir. 1992) ("404(b) is inclusive, not exclusive, and emphasizes admissibility."); *United States v. Jemal*, 26 F.3d 1267, 1272 (3d Cir. 1994); *United States v. Daraio*, 445 F.3d 253, 263 (3d Cir. 2006) ("In general, we favor the admission of Rule 404(b) evidence when it is relevant for any other purpose than to show the defendant's propensity to commit the charged offense."); *United States v. Lee*, 612 F.3d 170, 186 (3d Cir. 2012); *United States v. DeMuro*, 677 F.3d 550, 563 (3d Cir. 2012).

The Third Circuit decision in *Green*, 617 F.3d at 249-252, emphatically reiterated that Rule 404(b) is inclusive. While the decision in *Green* narrows the type of evidence which may be offered as "intrinsic" and thus not subject to Rule 404(b), the decision explains that this result has little practical effect. *Id*. at 248-249. The Court in *Green* expansively affirmed the

inclusionary nature of the rule, presenting a lengthy discussion of the historical underpinnings of Rule 404(b), and explaining that the rule adopted a general principle of admissibility. *Id*.

While the Third Circuit has spoken favorably of Rule 404(b) evidence on many occasions, the Court has particularly reasoned that "the Government has broad latitude to use 'other acts' evidence to prove a conspiracy." *United States v. Cross*, 308 F.3d 308, 324 (3d Cir. 2002).

In many cases, the Third Circuit has stated that it "favors" the admission of evidence under Rule 404(b) if relevant for any purpose other than to prove propensity to commit the crime charged. *See, e.g., United States v. Johnson*, 199 F.3d 123, 128 (3d Cir. 1999); *United States v. Long*, 574 F.2d at 766. Along the same lines, for decades the Court consistently stated that Rule 404(b) is a rule of "inclusion."

> The Court addressed the matter at length in *Long*, stating in part:
>
> The draftsmen of Rule 404(b) intended it to be construed as one of "inclusion," and not "exclusion." They intended to emphasize admissibility of "other crime" evidence. This emerges from the legislative history which saw the "exclusionary" approach of the Supreme Court version of Rule 404(b) modified. Thus the Supreme Court's final formulation, after prohibiting evidence of other crimes to prove the character of a defendant, had provided that "this subdivision does not exclude the evidence when offered for other purposes such as . . . ." The list of exceptions followed. 56 F.R.D. 183, 219 (1972).
>
> As finally adopted by Congress, however, the words are: "It may, however, be admissible for other purposes such as . . . ." The House Committee on the Judiciary explained that this placed "greater emphasis on admissibility than did the final Court version." H.R. Rep. No. 650, 93d Cong. 1st Sess. (1973), reprinted in 4 U.S. Code Cong. & Ad. News, pp. 7075, 7081 (1974).
>
> That the Senate Committee on the Judiciary felt the same is shown by its statement that, "with respect to permissible uses for such evidence (i.e., 'other crimes,' etc.), the trial judge may exclude it only on the basis of those considerations set forth in Rule 403, i.e., prejudice, confusion or waste of time." S. Rep. No. 1277, 93d Cong., 2d Sess. (1974), reprinted in 4 U.S. Code Cong. & Ad. News, pp. 7051, 7071 (1974).

*Long,* 574 F.2d at 766.

This Court's determination in *Long*, i.e., that Rule 404(b) favors the admissibility of other acts evidence, also dovetails with the Supreme Court's observations in *Huddleston v. United States*, 485 U.S. 681 (1988). There, the Supreme Court recognized that "Congress was not so nearly concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restriction would not be placed on the admission of such evidence." *Id.* at 688-89.[1]

Yet more recently, the Third Circuit spoke with a different tone, in *United States v. Caldwell*, 760 F.3d 267 (3d Cir. 2014), and *United States v. Brown*, 765 F.3d 278 (3d Cir. 2014). For instance, even though the Court has stated on countless occasions that Rule 404(b) is a "rule

---

[1] Every Circuit, consistent with *Huddleston* and statements of the Third Circuit described above, has endorsed this view regarding the admissibility of Rule 404(b) evidence. *See, e.g., United States v. Cassiere*, 4 F.3d 1006, 1021 (1st Cir. 1993) ("Rule 404(b) 'is one of inclusion which allows the introduction of evidence of other crimes, wrongs, or acts unless the evidence tends to only prove criminal disposition.'") (citation omitted); *United States v. Ortiz*, 857 F.2d 900, 903 (2d Cir. 1988) ("Under the 'inclusionary' or 'positive' approach to other acts evidence that controls in this Circuit, other acts or crimes are admissible under Rule 404(b) to prove matters other than the defendant's criminal propensity."); *United States v. Briley*, 770 F.3d 267, 275 (4th Cir. 2014) ("As we have long maintained, the Rule's inclusive nature militates toward 'admitting all evidence of other crimes or acts except that which tends to prove only criminal disposition.'") (citations omitted); *United States v. King*, 703 F.2d 119, 125 (5th Cir. 1983) ("This test takes an inclusionary and not an exclusionary approach."); *United States v. LaVictor*, 848 F.3d 428, 446 (6th Cir. 2017) ("Rule 404(b) is 'a rule of inclusion rather than exclusion.'") (citation omitted); *United States v. Jordan*, 722 F.2d 353, 356 (7th Cir. 1983) (relying on the Third Circuit's decision in *Long* to emphasize that the rule is one of inclusion, which emphasizes the admissibility of "other crimes" evidence); *United States v. Contreras*, 816 F.3d 502, 511 (8th Cir. 2016) (the rule is "one of inclusion, such that evidence offered for permissible purposes is presumed admissible absent a contrary determination."); *United States v. Bailey*, 696 F.3d 794, 806 (9th Cir. 2012) ("Rule 404(b) has thus long been characterized as 'a rule of inclusion—not exclusion.' . . . Indeed '[u]nless the evidence of other acts *only* tends to prove propensity, it is admissible.'") (emphasis in original; citations omitted); *United States v. Burgess*, 576 F.3d 1078, 1098 (10th Cir. 2009) ("Rule 404(b) is considered to be an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove *only* criminal disposition.") (emphasis in original; citation omitted); *United States v. Smith*, 741 F.3d 1211, 1225 (11th Cir. 2013) ("Rule 404(b) is a rule of inclusion, and '404(b) evidence, like other relevant evidence, should not lightly be excluded when it is central to the prosecution's case.'") (citation omitted); *United States v. Douglas*, 482 F.3d 591 (D.C. Cir. 2007) ("'Rule 404(b) is not so much a character rule as a special aspect of relevance' because it 'does not prohibit character evidence generally, only that which lacks *any* purpose but proving character.'") (emphasis in original; citation omitted).

of inclusion," *Caldwell* declared that it in fact is a "rule of general exclusion." *Caldwell*, 760 F.3d at 276. As panel decisions, *Caldwell* and *Brown* cannot overrule precedent of the Court, most notably the principle that Rule 404(b) favors the admissibility of evidence unless it serves only to prove propensity. The Court more recently reconciled the matter, stating: "In sum, Rule 404(b) is a rule of exclusion, meaning that it excludes evidence unless the proponent can demonstrate its admissibility, but it is also 'inclusive' in that it does not limit the non-propensity purposes for which evidence can be admitted." *United States v. Repak*, 852 F.3d 230, 241 (3d Cir. 2017).[2]

And in fact, the Third Circuit has continued to regularly approve the admission of Rule 404(b) evidence for permissible, non-propensity purposes. Most notable is the *en banc* decision in *Langbord v. United States Dep't of Treasury*, 832 F.3d 170 (3d Cir. 2016). In that matter, the government asserted ownership of 10 extraordinarily valuable gold coins that were stolen from the U.S. Mint in Philadelphia in the 1930s. The coins were purportedly found in a family safe deposit box in 2003 by Joan Langbord, the daughter of Israel Switt, a dealer who acquired the

---

[2] Indeed, *Caldwell* and *Brown* were matters in which the inadmissibility of the evidence rested on the fact that no valid non-propensity chain was established, and did not necessitate or warrant any change in the law. *Caldwell* was a case in which the Court found the absence of any chain of inferences exclusive of propensity, and thus may ordinarily be distinguished on its facts. There, the Court rejected the use of prior gun possession convictions to show a defendant's knowledge that he possessed a gun on the occasion in question. The Court found that, as the defendant was found carrying the gun, the issue of knowledge was not in issue, and therefore there was no logical chain of inferences showing how the defendant's prior convictions were relevant to show the non-propensity purpose of knowledge. 760 F.3d at 281.

The decision in *Brown* followed close on *Caldwell*'s heels, and likewise found an improper admission of 404(b) evidence – the government offered evidence of a defendant's previous use of straw purchasers to buy guns to show that the defendant had knowledge that he was in a car with a gun, but the appellate court found no non-propensity purpose. *Brown,* 765 F.3d at 293 ("The Government has completely failed to explain how the fact that [the defendant] used a straw man in 2005 to purchase firearms tends to prove that he knowingly possessed the gun under the driver's seat of the Impala six years later. These are two entirely distinct acts, and participation in one has no relationship to the other.").

coins almost 70 years earlier. The government asserted that Switt participated in the theft of the coins, and violated governmental decrees, including the Gold Reserve Act of 1934, that were enacted to counter the 1933 banking crisis by barring the distribution of gold. To prove that Switt was aware at the time he obtained and then kept the coins that the possession was unlawful, the government introduced evidence that on a separate occasion Switt was compelled to forfeit 98 different gold coins that he possessed in contravention of the Gold Reserve Act of 1934. The Court of Appeals affirmed the admission of this evidence under Rule 404(b), stating, "the fact that Switt had previously forfeited gold coins to the Government is relevant to his knowledge that holding gold coins may be unlawful under certain circumstances. His prior loss of gold coins through a forfeiture proceeding also made it more likely that Switt would conceal any other coins he possessed for fear of losing them as well." *Id.* at 193-94.

Numerous other recent Third Circuit decisions favor the admission of Rule 404(b) evidence. *See United States v. Repak,* 852 F.3d 230, 245 (3d Cir. 2017) (proof that the executive director of a municipal redevelopment authority (JRA) accepted uncharged gratuities from contractors seeking public work was admissible to prove his knowledge that the charged gratuities were not "unilateral token gifts" but rather "knowingly and intentionally accepted . . . with an understanding that those items were to influence the award of JRA contracts to those contractors"); *United States v. Willis*, 844 F.3d 155, 169-70 (3d Cir. 2016) (a legislative official was charged with receiving money from contractors to facilitate the award of renovation contracts to those contractors, and asserted in defense that he did not know the payments were bribes as opposed to loans; evidence that when he held a different government position he received money from one of the contractors in exchange for lifting a lien on that person's bank account was admissible to show "that he knew that these payments were not loans, that they

were not gifts, and that he intended to accept cash in exchange for handing out more government contract work"); *United States v. Bailey*, 840 F.3d 99, 127-28 (3d Cir. 2016) (in prosecution for weapon possession, evidence of prior firearm conviction was admissible to prove the defendant's knowledge that drug dealing in the area where he participated in drug trafficking was a violent enterprise in which drug dealers were frequently armed); *United States v. Kolodesh*, 787 F.3d 224, 236 (3d Cir. 2015) (no plain error in admission of evidence of uncharged fraudulent conduct: where the defense asserted that the defendant operated a legitimate home health care business, "the relevance of the government's evidence is clear: Kolodesh knew what fraudulent practices looked like—indeed, he taught them to Pugman and Ganetsky—and if Kolodesh was as intimately involved in Home Care Hospice as Pugman testified, he certainly would have known of the fraudulent conduct").

It remains the Third Circuit's position that the prosecution's burden in establishing a proper purpose is "not onerous," *United States v. Sampson*, 980 F.2d 883, 888 (3d Cir. 1992); nor is it contrary to the Supreme Court's conclusion that "Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence." *Huddleston v. United States*, 485 U.S. 681, 688-89 (1988).  Indeed, as Judge Smith has stated, "the purpose of Rule 404(b) is 'simply to keep from the jury evidence that a defendant is prone to commit crimes or is otherwise a bad person, implying that the jury needn't worry overmuch about the strength of the government's evidence.'"  *Green*, 617 F.3d at 249 (quoting *United States v. Taylor*, 522 F.3d 731, 735-36 (7th Cir. 2008)).  "'**No other use** of prior crimes or other bad acts is forbidden by the rule . . . .'"  *Green*, 617 F.3d at 249 (quoting *Taylor*, 522 F.3d at 736) (emphasis in original). *Accord United States v. Cruz*, 326 F.3d 392, 395 (3d Cir. 2003) ("We favor the admission of

evidence of other crimes, wrongs, or acts if such evidence is 'relevant for any purpose other than to show a mere propensity or disposition on the part of the defendant to commit the crime.'" (quoting *United States v. Long*, 574 F.2d 761, 765 (3d Cir. 1978)).

"To meet the first requirement and show a proper evidentiary purpose, the government must 'clearly articulate how that evidence fits into a chain of logical inferences' without adverting to a mere propensity to commit crime now based on the commission of crime then." *United States v. Mastrangelo*, 172 F.3d 288, 295 (3d Cir. 1999) (citation omitted). The burden on the government is "not onerous. All that is needed is *some* showing of a proper relevance." *Sampson*, 980 F.2d at 888 (emphasis in original).

Furthermore, the relevancy of the extrinsic acts evidence does not turn upon the defense's theory of the case. As the Third Circuit has explained: "[i]ssues are not irrelevant just because the defense's theory presupposes them to be so. The parameters of 404(b) . . . are set by the material issues and facts the government must prove to obtain a conviction." *Sampson*, 980 F.2d at 888. A proper purpose (as opposed to the relative probative value of the evidence) is determined in the first instance based on what the prosecution must prove, as opposed to what the defendant denies. *Caldwell*, 760 F.3d at 276 ("In evaluating whether an identified purpose is 'at issue,' courts should consider 'the material issues and facts the government must prove to obtain a conviction.'") (quoting *Sampson*, 980 F.2d at 888).

## Argument

### A. Proper Purposes for Admittance

The government seeks to introduce the false down payment evidence for three proper purposes under Rule 404(b): (1) to establish the defendants' intent to commit the charged offenses; (2) to establish that the false down payments presented to the financial institutions for

the transactions at Counts 2 and 10 were not an accident or mistake, and; (3) to establish that the false down payments involved at the transactions at Counts 2 and 10 and referenced at Count One, were part of a common plan involving the defendants.

### (1) Intent and (2) Absence of Mistake or Accident

The evidence of the vehicle sales, two of which are charged in the Superseding Indictment, that list a non-existent or drastically inflated down payment in the paperwork, is relevant and admissible under Rule 404(b) to show the defendants' intent to defraud financial institutions. Wire fraud is a specific intent crime. *United States v. Hedaithy*, 392 F.3d 580, 590 (3d Cir. 2004) (citing *United States v. Antico*, 275 F.3d 245, 261 (3d Cir. 2001) (further citation omitted). Thus, it is necessary for the government to prove beyond a reasonable doubt that the defendants specifically intended to defraud the victim financial institutions or loan companies. The evidence of the fraudulent listings of non-existent or inflated down payments demonstrates the defendant's specific intent to defraud. Using "other acts" to negate innocent intent and demonstrate the likelihood that defendant did an act with the requisite intent in the charged case is a proper purpose under Rule 404(b). *See United States v. Lee*, 573 F.3d 155, 166-67 (3d Cir. 2009) (prior drug conviction properly admitted to prove intent in charged drug crime); *United States v. Kellogg*, 510 F.3d 188, 200 (3d Cir. 2007) (lies by laboratory official about prior decertification were admissible to prove fraudulent intent); *United States v. Saada*, 212 F.3d 210, 223-24 (3d Cir. 2000) (evidence of prior insurance fraud admissible to prove knowledge of fraudulent nature of claims in present case, intent to defraud). Here, the evidence of the prior false down payment claims demonstrates that the defendants were acting intentionally when falsely representing to the lending institutions that the vehicle sales at Counts 2 and 10 included a down payment.

This evidence also eliminates any credible argument that the two vehicle sales charged in the Superseding Indictment that listed non-existent down payments were the result of an accident or a simple mistake. If, in turn, the listing of the non-existent down payments was not an accident or a mistake, then it was purposeful conduct on the part of the defendants demonstrating a specific intent to defraud. *See United States v. Lamons*, 532 F.3d 1251, 1266 (11th Cir. 2008) (prior conviction created the inference that defendant deliberately committed the current offense because the prior conviction established the improbability of accident) (citing *United States v. Greenwoood*, 796 F.2d 49, 53 (4th Cir. 1986)("The existence of prior similar wrongdoings reduces the plausibility of a defense of inadvertence or accident. ); (*United States v. Matthews*, 431 F.3d 1296, 1313 n. 1 (11th Cir. 2005) (Tjoflat, J., specially concurring) (noting that evidence of an extrinsic offense "is more appropriately admissible for non-propensity purposes," such as establishing intent, where "an inference can be drawn that says nothing about the defendant's character, for example, based on the 'improbability of coincidence' "). As such, the evidence of the non-existent or inflated down payments, two of which are included in the vehicle transactions charged in the Superseding Indictment, should be admitted in the government's case-in-chief under Rule 404(b).

### (3) Common Plan

The evidence of other false or inflated down payments presented to the financial institutions providing the auto loans shows that Rick Weaver Buick GMC, Inc. was involved in a common plan or scheme to falsely list non-existent or inflated down payments in order to ensure that their customer would qualify for their auto loan and in turn result in a completed sale. The Superseding Indictment alleges wire fraud occurred with regard to twelve separate vehicle sales.

The two sales of those twelve that listed a down payment both involved non-existent down payments. These sales follow a common plan at Rick Weaver Buick GMC, Inc. to falsely list non-existent or inflated down payments on the sales and loan paperwork in order to ensure that customers who might otherwise not qualify for a loan would qualify so that the sale could be completed. Evidence of such a common plan is admissible under Rule 404(b). *See United States v. Console,* 13 F.3d 641, 659 (3d Cir. 1993) (evidence defendants submitted fraudulent bills to other doctors demonstrated knowledge that the bills were fraudulent and existence of broad plan to defraud through personal injury claims).

### B. Federal Rule of Evidence Rule 403 Analysis

In *United States v. Cross*, 308 F.3d 308, 323 (3d Cir. 2002), the Third Circuit noted that although Federal Rule of Evidence 403 provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence," Rule 403 creates a presumption of admissibility. The court in *Cross* further clarified that "evidence can be kept out only if its unfairly prejudicial effect 'substantially outweigh[s]' its probative value." *Id.* (citing Fed. R. Evid. 403).

Here, the proposed evidence is highly probative of the issues likely to be disputed in this case, and is not "substantially" outweighed by any unfair prejudice. If indeed the defendants contend that they did not intend to defraud the financial institutions and loan companies, or had no knowledge of the fraud, the prior non-existent or inflated down payments that were listed on loan applications are extremely probative as to the defendants' intent, and absence of mistake. The prior non-existent or inflated down payments, occurring within the same time-period as the charged offenses, are also indicative of a common criminal plan. This Court may address any

risk of unfair prejudice with a properly crafted cautionary instruction limiting the jury's use of the evidence to the purposes for which it should be admitted.  *United States v. Givan*, 320 F.3d 452, 461-62 (3d Cir. 2003).

### C. Proposed Rule 404(b) Jury Instruction

As explained above, Rule 404(b) requires the Court to provide the jury with a "limiting instruction concerning the purpose for which the evidence may be used."  *Mastrangelo*, 172 F.3d at 294-95.  Accordingly, the government hereby requests that the following "limiting instruction" be utilized by the Court -- both at the time that the evidence is presented by the government during trial, and also during the Court's final instructions:

Defendants' Prior Bad Acts

You have heard testimony that in 2015 and 2016 numerous vehicle sales occurred at Rick Weaver Buick GMC, Inc. involving vehicles other than those referenced in the Superseding Indictment that fraudulently listed, in the sales and loan paperwork, down payments which were not actually provided by the customer or which were dramatically inflated above what the customer actually provided.

This evidence of those other acts was admitted only for limited purposes. You may only consider this evidence for purposes of deciding whether the defendants had the state of mind, knowledge, or intent necessary to commit the crimes charged in the Superseding Indictment; or to rebut a claim of innocence, mistake or accident.

You may consider this evidence to help you decide whether the defendants had the intent to conspire to commit wire fraud and the intent to commit wire fraud as set forth in the Superseding Indictment.

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purposes offered. You may give it such weight as you feel it deserves, but only for the limited purposes that I described to you.

The defendant is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crimes charged. You may not consider this evidence as proof that

the defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because the defendant may have committed the other acts, he must also have committed the acts charged in the indictment.

Remember that the defendant is on trial here only for those offenses charged in the Superseding Indictment, not for these other prior acts. Do not return a guilty verdict unless the government proves the crimes charged in the Superseding Indictment beyond a reasonable doubt.[3]

WHEREFORE, the United States requests that the court authorize the admission of the proposed evidence pursuant to Fed.R.Evid. 404(b), and provide an appropriate limiting instruction to the jury.

Respectfully submitted,

SOO C. SONG
Acting United States Attorney


s/ Christian A. Trabold
CHRISTIAN A. TRABOLD
Assistant U.S. Attorney
PA ID No. 75013

---

[3] Authority: Third Circuit Model Criminal Jury Instructions 4.29 (modified); Rule 404(b), Federal Rules of Evidence; *United States v. Lopez*, 340 F.3d 169, 174 (3d Cir. 2003); *United States v. Butch*, 256 F.3d 171, 175-77 (3d Cir. 2001).