IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 16-30 Erie |
| | ) | |
| RICK WEAVER BUICK GMC, INC. | ) | |
| ADAM JAMES WEAVER | ) | |
| DOUGLAS ALAN GROOMS | ) | |
| ADAM BRAYTON COOVER | ) | |

**GOVERNMENT'S MOTION IN LIMINE REGARDING
DEFENDANTS' PAYMENTS TO THE VICTIM LENDING INSTITUTIONS**

The government anticipates that the defendants, Rick Weaver Buick GMC Inc., and Adam Weaver may try to introduce into evidence in their case, or through cross-examination of government witnesses, that they paid back or settled with several of the victim lending institutions in this case. This evidence would be presented in an effort to show a lack of intent to defraud on the part of the defendants or for some other allegedly exculpatory reason. Such evidence is expressly forbidden by Rule 408 of the Federal Rules of Evidence.

In 2006, Rule 408 was amended to settle questions in the courts about the scope of the Rule. Fed.R.Evid. 408, *Advisory Committee Notes*, *2006 Amendment*. There is no question that Rule 408 now applies to both civil and criminal proceedings. The Rule currently provides, in relevant part:

> Evidence of the following is not admissible – on behalf of any party – either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>
> (1) furnishing, promising, or offering – or accepting, promising to accept,, or offering to accept – a valuable consideration in compromising or attempting to compromise the claim; and

>    (2) conduct or a statement made during compromise negotiations about the claim – except when offered in a criminal case and when the negotiations related to a claim by a public office nt he exercise of its regulatory, investigative, or enforcement authority.

Fed.R.Evid. 408(a)(1)-(2). The Commentary makes clear that "statements made during compromise negotiations of other[1] disputed claims are not admissible in subsequent criminal litigation, when offered to prove liability for, invalidity of, or amount of those claims." Fed.R.Evid. 408, *Advisory Committee Notes, 2006 Amendment*. If a civil dispute is with a private party, a criminal defendant's offer of settlement and statements in negotiation may not be admitted in the criminal prosecution of the defendant when "offered to prove liability for, invalidity of, or amount of a claim". *United States v. Davis*, 596 F.3d 852, 860 (D.C. Cir. 2010).

Thus, in *Davis*, the D.C. Circuit vacated the defendant's conviction where the government had presented evidence at trial that the defendant had attempted to settle with the victim. There, the defendant was accused of stealing funds from his fraternity when he was serving as its treasurer. When the new treasurer confronted the defendant as to his past monetary indiscretions, the defendant offered to pay half of the amount to "make this situation go away." *Davis*, 596 F.3d at 854. The defendant filed a motion *in limine* invoking Rule 408 to bar the new treasurer's testimony as to his statements about paying half of the stolen amount and "making it go away." *Id.* at 858. The testimony was admitted over the defense's Rule 408 objection.

The D.C. Circuit found that there could be no doubt that the defendant offered to compromise a disputed claim. *Id.* at 859. It was also clear that the government offered to introduce

---

[1] Rule 408 does not prohibit the introduction in a criminal case of statements or conduct during compromise negotiations regarding a civil dispute by a government regulatory, investigative, or enforcement agency. Fed.R.Evid. 408, *Advisory Committee Notes, 2006 Amendment* (citing *United States v. Prewitt*, 34 F.3d 436, 439 (7th Cir. 1994) (admissions of fault made in compromise of a civil securities enforcement action were admissible against the accused in a subsequent criminal action for mail fraud)). *See also United States v. Davis*, 596 F.3d 852, 860 (D.C. Cir. 2010) (The 2006 amendment to Rule 408 drew a distinction between civil disputes involving the government and civil disputes involving private parties).

2

the defendant's settlement offer in order to prove the defendant's guilt. *Id.* The court, however, noted that offers to settle are excluded even if no settlement negotiations follow because Rule 408 is meant to promote settlements – "It makes no sense to force the party who initiates negotiations to do so at his peril." *Id.* Because the settlement negotiation evidence did not fit within any of the exceptions to the Rule, the court held that the district court abused its discretion in permitting the new treasurer to testify regarding the defendant's offer of settlement and the statements that followed. *Id.* at 861.

Although the government cannot use settlement and settlement negotiation evidence as a sword, however, neither can the defendant use settlement and settlement negotiation evidence as a shield. The amendment also makes clear that Rule 408 excludes compromise evidence even when a party seeks to admit its own settlement offer or statements made in settlement negotiations. Fed.R.Evid. 408, *Advisory Committee Notes, 2006 Amendment.* The protections of Rule 408 cannot be waived unilaterally because the Rule, by definition, protects both parties from having the fact of negotiation disclosed to the jury. *Id.*

For instance, in *United States v. Roti*, 484 F.3d 934 (7th Cir. 2007), the defendant wanted to offer evidence of a civil settlement between him and his prior attorney which he claimed would show his prior attorney's recognition of his culpability for the defendant's criminal predicament. The trial court held that Rule 408 barred the introduction of the evidence, and after conviction, the defendant appealed. The Seventh Circuit noted that although the 2006 amendment to Rule 408 occurred after the defendant's trial, the amended version made clear that Rule 408 applies to both criminal and civil cases. Therefore, the trial court's failure to apply the Seventh Circuit's decision in *Prewitt*, did not seriously affect the fairness, integrity, or reputation of judicial proceedings – one element of plain error review – because defendants do not acquire vested rights to the benefit of appellate opinions whose rationale has been repudiated. *Roti*, 484 F.3d at 936-37. Accordingly,

the court held that the trial court did not commit plain error in excluding the defendant's evidence of an underlying settlement.

Here, Rick Weaver Buick GMC Inc. and Adam Weaver cannot unilaterally waive the victims' protection under Rule 408. Just as the government cannot offer the defendants' settlement of a disputed claim with the victims in order to show the defendants' guilt, the defendants' cannot offer the settlement in an attempt to show their innocence. In the event that the Court were to allow the defendants to introduce payments to or financial settlements with the victim lending institutions in order to show a lack of intent to defraud, then the government should be allowed fair response that the payments or settlements post indictment are evidence of guilt.

WHEREFORE, the United States requests that the Court exclude any evidence of the defendants' payments to or settlements with the victim lending institutions in this case.
.

           Respectfully submitted,

           SOO C. SONG
           Acting United States Attorney

           s/ Christian A. Trabold
           CHRISTIAN A. TRABOLD
           Assistant U.S. Attorney
           PA ID No. 75013