IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 16-30 Erie |
| | ) | |
| RICK WEAVER BUICK GMC, INC. | ) | |
| ADAM JAMES WEAVER | ) | |
| DOUGLAS ALAN GROOMS | ) | |
| ADAM BRAYTON COOVER | ) | |

**GOVERNMENT'S MOTION IN LIMINE REGARDING
ANTICIPATED DEFENSE EXPERT TESTIMONY**

On August 8, 2017, a federal grand jury in Erie, Pennsylvania, returned a Superseding Indictment charging Rick Weaver Buick GMC, Inc., Adam James Weaver, Douglas Alan Grooms, and Adam Brayton Coover with conspiring to commit wire fraud in violation of 18 U.S.C. § 1349, and twelve counts of wire fraud in violation of 18 U.S.C. § 1343. Trial in this case is scheduled to begin October 24, 2017.

The government anticipates that the defense may attempt to elicit testimony from their expert witness that the defendants, Rick Weaver Buick GMC Inc. and Adam Weaver did not act with the intent to defraud. Such testimony is expressly precluded by Rule 704(b) of the Federal Rules of Evidence, which provides:

> In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone.

*See United States v. Watson*, 260 F.3d 301, 308 (3d Cir. 2001) (Rule 704(b) applies to all instances in which expert testimony is offered as to mental state or a condition constituting an element of the crime charged or defense thereto). Rule 704(b) may be violated when a question "is plainly

designed to elicit the expert's testimony about the mental state of the defendant, or when the expert triggers the application of Rule 704(b) by directly referring to the defendant's intent, mental state or mens rea." *Id.* at 309 (citing *United States v. Lipscomb*, 14 F.3d 1236, 1240 (7th Cir. 1994) (other internal citations omitted). Rule 704 prohibits "testimony from which it necessarily follows, if the testimony is credited, that the defendant did or did not possess the requisite mens rea. *Id*. (citations omitted); *United States v. Dela Cruz*, 358 F.3d 623, 626 (9th Cir. 2004) (the fact that a defense question inquired about the mental state of a "person" and not the defendant specifically did not render the question acceptable under Rule 704(b)).

Wherefore, the government respectfully requests that the defense expert be precluded from offering any testimony or opinion about the defendants' intent, mental state or mental condition.

    Respectfully submitted,

    SOO C. SONG
    Acting United States Attorney

    S/Christian A. Trabold
    CHRISTIAN A. TRABOLD
    Assistant U.S. Attorney
    PA ID No. 75013