IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 16-30 Erie |
| : | |
| RICK WEAVER BUICK GMC, INC. : | |
| ADAM JAMES WEAVER : | |
| DOUGLAS ALAN GROOMS : | |
| ADAM BRAYTON COOVER : | |

**RESPONSE OF DEFENDANT, ADAM JAMES WEAVER, TO
GOVERNMENT'S MOTION IN LIMINE REGARDING
SELECTIVE PROSECUTION/CHARGING DECISIONS
AND MEMORANDUM IN SUPPORT**

**AND NOW,** comes the Defendant, ADAM JAMES WEAVER, by and through his counsel, DAVID G. RIDGE, ESQUIRE, and files the following Response to Government's Motion In Limine Regarding Selective Prosecution/Charging Decisions and Memorandum in Support from being introduced into evidence, stating as follows:

**I.   RESPONSE**

1. The Government correctly notes that Adam James Weaver and co-defendants have been indicted for Conspiring to Commit Wire Fraud violations and Criminal Conspiracy.

2. The charges contained in the Indictment are based upon the allegations that two different "victims" known as C.A. and R.M. purchased vehicles from Rick Weaver Buick GMC, Inc., and that Adam James Weaver, Douglas Alan Grooms and Adam Brayton Coover conspired amongst themselves and with the Corporation to commit wire fraud in terms of selling vehicles and/or processing bank loans to finance the vehicles to those two individuals.

3. The following Memorandum will provide a proffer as to the specific factual circumstances which would justify cross-examination and/or presentation of evidence concerning

similar conduct that R.M. and C.A. engaged in with other dealerships in the relevant time period and in a nature similar to that charge in the Indictment. That evidence would meet the standards for admissibility set forth in Rule 401: Test for Relevant Evidence: "evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Also, Rule 403 would not exclude this type of probative evidence. If it is established that a great similarity of conduct occurred with those individuals and other dealerships, the Court can allow further explanation by the Government of the discrepancy in the prosecution of this defendant.

4. Therefore, the Government's Motion should be denied.

## II.     MEMORANDUM IN RESPONSE

5. The Government intends to call two "victims" previously referred to as C.A. and R.M. to testify that they were allegedly deceived and fraudulently induced into financial transactions by the conspiracy of Adam Coover, Douglas Grooms and the defendant, Adam Weaver. Specifically, they will testify that they entered into financial transactions involving the purchase of vehicles at the behest and guidance of Adam Coover and that Douglas Grooms, as General Manager for Rick Weaver Buick and Adam Weaver as the owner/principle of Rick Weaver Buick, with the Government alleging that those three knowingly participated in acts of fraud to allow them to obtain car loans and purchase vehicles even when Coover, Grooms and Weaver knew that they were not legitimate transactions.

6. However, the defense will be able to show that both of those individuals did also purchase numerous vehicles from other car dealerships in western Pennsylvania and one other state over the same corresponding duration of time, with the same relative frequency of purchases of vehicles and in many cases, with the same funding and/or financing arrangements as specified

against the defendants in the Superseding Indictment.

**A.     OFFER OF PROOF**

7.     The Superceding Indictment alleges that R.M. bought two (2) vehicles, both on January 23, 2016 from Rick Weaver Buick with Adam Weaver's participation.  The defense notes the similarities to other deals at other dealerships by R.M. as follows: The defense has determined that R.M. purchased two vehicles from one dealership on January 29, 2016, utilizing two separate banks/lending institutions; another vehicle and a boat between January 30, 2016 and February 10, 2016 from a separate dealership, utilizing two separate banks/lending institutions; that R.M. purchased four (4) vehicles from one dealership in Pennsylvania between February 10, 2016 and March 9, 2016, with three of those transactions apparently occurring on the same date of February 10, 2016, utilizing one bank/lending institution; that R.M. purchased three (3) vehicles between January 13, 2016 and January 27, 2016, with two of those transactions occurring on the same date of January 27, 2016, utilizing three separate banks/lending institutions; that R.M. purchased three (3) vehicles between January 14, 2016 and January 20, 2016, with two of those purchases occurring on consecutive days at the dealership, utilizing three separate banks/lending institutions.

The defense will provide more specific information as to each vehicle and each dealership to the Court at the appropriate time.

The defense is still trying to ascertain all of the vehicles that C.A. purchased from other dealerships during the similar time period.  At this point, the defense can offer that C.A. apparently purchased three vehicles from one dealership all on the same date of August 20, 2015, utilizing three different banks/lending institutions.  Obviously a similarity of conduct by C.A. and that dealership and R.M and the other dealerships exists in relationship to the conduct alleged against this defendant.

**B.     DISCUSSION**

8.      It is the Government's position that the co-defendant Adam Coover's relationship with Doug Grooms, who was General Manager at Rick Weaver Buick, and Adam Weaver who is principle/owner, served as a basis of the conspiracy that led individuals R.M. and C.A. to Rick Weaver Buick, who allegedly participated in the fraudulent transactions.  Specifically, the Government will be alleging that Coover was very good friends with Grooms and may have been involved in businesses with him and was also friendly with Adam Weaver and that was the reason that Coover would have sent R.M. and C.A. to Rick Weaver Buick to purchase vehicles and for which they obtained loans which later went into default.

9.      However, as the offer of proof above indicates, the similarity of conduct, at least on behalf of R.M. and C. A., would be probative of their actions and would also, at the very least, dilute or negate the Government's theory as to Coover having such a special relationship with Grooms and/or Weaver that the three of them would have conspired to commit fraud to the detriment of R.M. and C.A. and various lending institutions.

10.     At the minimum, the defense should be able to elicit information concerning all of these transactions in support of its argument that it is common within the industry to sell multiple vehicles to specific individuals in a short period of time.  This will allow the jury to better understand the defendant's conduct of being within standard industry practices.

11.     Also, after the facts proffered above are introduced into evidence and are properly established, the defense should be able to refer to those situations as part of the defense's argument that the Government did not meet its burden of proof with regard to showing criminal intent and/or requisite criminal state of mind by the defendant Adam Weaver.  In fact, if the evidence shown above can be properly established, this defendant will be able to argue that R.M. and C.A. were not

only not duped, but perhaps willing participants in a conspiracy created and/or participated in by co-defendants other than Adam Weaver. At that point, the defendant would also have the right to question why he is being singled out for conduct which had great similarity in the transactions conducted by R.M. and C.A. with his dealership to those other transactions they participated in at other dealerships and/or with other banks/lending institutions, as well as possibly with the dealerships themselves.

12. Therefore, the Government's Motion should be denied. At a minimum, cross-examination of R.M. and C.A. and presentation of evidence of their purchases of other vehicles at other dealerships during the same relevant time frame and in the same basic manner as alleged in the Indictment, must be permitted.

13. Once established, the Court could then allow the Government to attempt to explain the apparent selective prosecution of this particular defendant.

14. The Honorable Court can also then make a further determination as to whether the argument as to selective prosecution can be set forth by the defendant.

    Respectfully submitted,

    **THE RIDGE LAW OFFICE**

    BY:   s/David G. Ridge, Esquire
           David G. Ridge, Esquire
           246 West Tenth Street
           Erie, Pennsylvania 16501
           (814) 454-1010

           Attorney for the Defendant, Adam Weaver

Response re Sel Pros-Charg Dec

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 16-30 Erie |
| | : | |
| RICK WEAVER BUICK GMC, INC. | : | |
| ADAM JAMES WEAVER | : | |
| DOUGLAS ALAN GROOMS | : | |
| ADAM BRAYTON COOVER | : | |

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Response of Defendant, Adam James Weaver, to Government's Motion in Limine Regarding Selective Prosecution/Charging Decisions and Memorandum in Support was served this date via email upon the following individuals, in accordance with Rules of this Court:

Christian A. Trabold, Esquire
Office of the U.S. Attorney
17 South Park Row, Room A330
Erie, Pennsylvania 16501
christian.a.trabold@usdoj.gov

Michael A. Agresti, Esquire
Marsh Spaeder, et al.
300 State St., Suite 300
Erie, Pennsylvania 16507
magresti@marshspaeder.com

W. Penn Hackney, Esquire
Office of the Federal Public Defender
1450 Liberty Center
1001 Liberty Avenue
Pittsburgh, Pennsylvania 15222-3714
penn_hackney@fd.org

Douglas Sughrue, Esquire
428 Forbes Ave., Suite 2400
Pittsburgh, Pennsylvania 15219
dsughrue@sughruelaw.com

THE RIDGE LAW OFFICE

Dated: October 3, 2017

By:    s/David G. Ridge, Esquire
David G. Ridge, Esquire
246 West Tenth Street
Erie, PA 16501
(814) 454-1010

Attorney for Defendant, Adam Weaver