IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    )
             )
    v.                )     Criminal No. 16-30 Erie
             )
RICK WEAVER BUICK GMC, INC.    )
ADAM JAMES WEAVER    )
DOUGLAS ALAN GROOMS    )
ADAM BRAYTON COOVER    )

## GOVERNMENT'S PROPOSED POINTS FOR CHARGE

AND NOW comes the United States of America, by its attorneys, Soo C. Song, Acting United States Attorney for the Western District of Pennsylvania, and Christian A. Trabold, Assistant United States Attorney for said district, and respectfully submits the following proposed points for charge:

## INSTRUCTION NO. 1

### Evidence

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom.   Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that was stipulated; that is, formally agreed to by the parties.

The following are not evidence:

(1) The indictment;

(2) Statements and arguments of the lawyers for the parties in this case;

(3) Questions by the lawyers and questions that I might have asked;

(4) Objections by lawyers, including objections in which the lawyers stated facts;

(5) Any testimony I struck or told you to disregard; and

(6) Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence.   Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence.   During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence.   These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made.   You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard. When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other.   When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence.   You must disregard the question or the exhibit entirely.   Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown.   Sometimes a witness may have already answered before a

lawyer objected or before I ruled on the objection.   If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence.   When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you. It is your own recollection and interpretation of the evidence that controls your decision in this case.   Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

Authority: Third Circuit Model Criminal Jury Instructions, § 3.02

## <u>INSTRUCTION NO. 2</u>

### Direct and Circumstantial Evidence

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial (or indirect) evidence."   You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact.   An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses ─ something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact.   It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts.   A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence.   A reasonable inference is not a suspicion or a guess.   It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining.   You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts.   The government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

You should consider all the evidence that is presented in this trial, direct and circumstantial. The law makes no distinction between the weight that you should give to either direct or circumstantial evidence.   It is for you to decide how much weight to give any evidence.

<u>Authority</u>: Third Circuit Model Criminal Jury Instructions, § 3.03

## **INSTRUCTION NO. 3**

### **Credibility of Witnesses**

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses.   Credibility refers to whether a witness is worthy of belief: Was the witness truthful?   Was the witness' testimony accurate?   You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.    In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) The quality of the witness' knowledge, understanding, and memory;

(3) The witness' appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

(7) Whether the witness' testimony was consistent or inconsistent with other evidence that you believe and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony.   Two or more persons witnessing an event may simply see or hear it differently.   Mistaken recollection, like failure to recall, is a common human experience.   In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail.   You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached.   You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented.   What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

<u>Authority</u>: Third Circuit Model Criminal Jury Instructions, § 3.04

## <u>INSTRUCTION NO. 4</u>

**Not All Evidence, Not All Witnesses Needed**

Although the government is required to prove the defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.   In addition, as I have explained, the defendant is not required to present any evidence or produce any witnesses.

In this case, RICK WEAVER BUICK GMC INC. and ADAM JAMES WEAVER presented evidence and produced witnesses.   Neither RICK WEAVER BUICK GMC INC. nor ADAM JAMES WEAVER is required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.

<u>Authority</u>: Third Circuit Model Criminal Jury Instructions, § 3.05

## INSTRUCTION NO. 5

### Presumption of Innocence; Burden of Proof; Reasonable Doubt

The defendants RICK WEAVER BUICK GMC INC. and ADAM JAMES WEAVER pleaded not guilty to the offenses charged.   RICK WEAVER BUICK GMC INC. and ADAM JAMES WEAVER are presumed to be innocent.   They started the trial with a clean slate, with no evidence against them.   The presumption of innocence stays with RICK WEAVER BUICK GMC INC. and ADAM JAMES WEAVER unless and until the government has presented evidence that overcomes that presumption by convincing you that RICK WEAVER BUICK GMC INC. and ADAM JAMES WEAVER are guilty of the offenses charged beyond a reasonable doubt.   The presumption of innocence requires that you find RICK WEAVER BUICK GMC INC. and ADAM JAMES WEAVER not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that RICK WEAVER BUICK GMC INC. and ADAM JAMES WEAVER have no burden or obligation to present any evidence at all or to prove that he or she is not guilty. The burden or obligation of proof is on the government to prove that RICK WEAVER BUICK GMC INC. and ADAM JAMES WEAVER are guilty and this burden stays with the government throughout the trial.

In order for you to find RICK WEAVER BUICK GMC INC. and ADAM JAMES WEAVER guilty of the offenses charged, the government must convince you that RICK WEAVER BUICK GMC INC. and ADAM JAMES WEAVER are guilty beyond a reasonable doubt.   That means that the government must prove each and every element of the offenses charged beyond a reasonable doubt.   A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty.   Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts.   A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience.   It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of importance in his or her own life.   It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense.   However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.

Authority: Third Circuit Model Criminal Jury Instructions, § 3.06

## INSTRUCTION NO. 6

### Nature of the Indictment

As you know, the defendants RICK WEAVER BUICK GMC INC. and ADAM JAMES WEAVER are charged in the Superseding Indictment with violating federal law, specifically one count of conspiracy to commit wire fraud and twelve counts of wire fraud.   As I explained at the beginning of trial, an indictment is just the formal way of specifying the exact crimes the defendant is accused of committing.   An indictment is simply a description of the charges against a defendant.   It is an accusation only.   An indictment is not evidence of anything, and you should not give any weight to the fact that RICK WEAVER BUICK GMC INC. and ADAM JAMES WEAVER have been indicted in making your decision in this case.


Authority: Third Circuit Model Criminal Jury Instructions, § 3.07

## **INSTRUCTION NO. 7**

### **On or About**

You will note that the Superseding Indictment charges that the offense was committed "on or about" a certain date.   The Government does not have to prove with certainty the exact date of the alleged offense.   It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

<u>Authority</u>: Third Circuit Model Criminal Jury Instructions, § 3.08

## **INSTRUCTION NO. 8**

### **Venue**

The Superseding Indictment alleges that some act in furtherance of the offense charged occurred here in the Western District of Pennsylvania.   There is no requirement that all aspects of the offense charged take place here in the Western District of Pennsylvania.   But for you to return a guilty verdict, the government must convince you that some act in furtherance of the crime charged took place here in the Western District of Pennsylvania.

Unlike all the elements that I have described, this fact only has to be proved by a preponderance of the evidence.   This means the government only has to convince you that it is more likely than not that some act in furtherance of the crime charged took place here.

Remember that the government must prove all the elements I have described beyond a reasonable doubt.

<u>Authority</u>: Third Circuit Model Criminal Jury Instructions, § 3.09

## INSTRUCTION NO. 9

### Conspiracy to Commit Wire Fraud - Elements

It's a Federal crime to knowingly conspire or agree with someone to do something that, if actually carried out, would result in the crime of wire fraud.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the Superseding Indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendants can be found guilty of this conspiracy offense only if all the following facts are proved beyond a reasonable doubt:

(1) two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit wire fraud, as charged in the Superseding Indictment; and

(2) the Defendants knew the unlawful purpose of the plan and joined in it;

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all of the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan — and knowingly joined in the plan on at least one occasion — that's sufficient for you to find the Defendants guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. Also, a person

who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

Authority: Pattern Crim. Jury Instr. 11th Cir. OI O54 (2016); O'Malley, Grenig and Lee, 2 Federal Jury Practice and Instructions § 31.03 (2002) (revised to exclude overt act requirement, see Whitfield v. United States, 125 S.Ct. 687, 691 (2005); United States v. Shabani, 513 U.S. 10, 16 (1994)).

## INSTRUCTION NO. 10

### Wire Fraud - Elements of the Offense (18 U.S.C. § 1343)

Counts Two through Thirteen of the Superseding Indictment charge the defendants, RICK WEAVER BUICK GMC INC. and ADAM JAMES WEAVER with wire fraud, which is a violation of federal law.

In order to find the defendants guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First: That the defendants knowingly devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises or participated in such a scheme with knowledge of its fraudulent nature;

Second: That the defendants acted with the intent to defraud; and

Third: That in advancing, furthering, or carrying out the scheme, the defendants transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

Authority: Third Circuit Model Criminal Jury Instructions, § 6.18.1343

**INSTRUCTION NO. 11**

**Wire Fraud – "Scheme to Defraud or to Obtain Money or Property" Defined**

The first element that the government must prove beyond a reasonable doubt is that the defendants knowingly devised (or willfully participated in) a scheme to defraud the victim financial institutions and lending companies of money or property by materially false or fraudulent pretenses, representations or promises.

A "scheme" is merely a plan for accomplishing an object.

"Fraud" is a general term which embraces all the various means by which one person can gain an advantage over another by false representations, suppression of the truth, or deliberate disregard for the truth.

Thus, a "scheme to defraud" is any plan, device, or course of action to deprive another of money or property by means of false or fraudulent pretenses, representations or promises reasonably calculated to deceive persons of average prudence.

In this case, the Superseding Indictment alleges that the scheme to defraud was carried out by making false or fraudulent statements, representations, claims, or documents.   The representations which the government charges were made as part of the scheme to defraud are set forth in the Superseding Indictment (which I have already read to you).   The government is not required to prove every misrepresentation charged in the Superseding Indictment.   It is sufficient if the government proves beyond a reasonable doubt that one or more of the alleged material misrepresentations were made in furtherance of the alleged scheme to defraud. However, you cannot convict the defendant unless all of you agree as to at least one of the material misrepresentations.

A statement, representation, claim or document is false if it is untrue when made and if the person making the statement, representation, claim or document or causing it to be made knew it was untrue at the time it was made.

A representation or statement is fraudulent if it was falsely made with the intention to deceive.

In addition, deceitful statements of half truths or the concealment of material facts or the expression of an opinion not honestly entertained may constitute false or fraudulent statements. The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance.

The deception need not be premised upon spoken or written words alone.   If there is deception, the manner in which it is accomplished is immaterial.

The failure to disclose information may constitute a fraudulent representation if the defendant was under a legal, professional or contractual duty to make such a disclosure, the defendant actually knew such disclosure ought to be made, and the defendant failed to make such disclosure with the intent to defraud.

The false or fraudulent representation or failure to disclose must relate to a material fact or matter.   A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision, for examples with respect to a financial institution approving a vehicle loan.

This means that if you find that a particular statement of fact was false, you must determine whether that statement was one that a reasonable person or lender might have considered important in making his or her decision.   The same principle applies to fraudulent half-truths or omissions of material facts.

In order to establish a scheme to defraud, the government must also prove that the alleged scheme contemplated depriving another of money or property.

However, the government is not required to prove that the defendants originated the scheme to defraud.   Furthermore, it is not necessary that the government prove that the defendants actually realized any gain from the scheme or that any intended victim actually suffered any loss.   If you find that the government has proved beyond a reasonable doubt that the overall scheme to defraud charged in the Superseding Indictment did exist and that the defendant knowingly devised or participated in the overall scheme charged in the Superseding Indictment, you should then consider the second element.

Authority: Third Circuit Model Criminal Jury Instructions, § 6.18.1341-1

<u>**INSTRUCITON NO. 12**</u>

**Separate Consideration – Multiple Defendants Charged with the Same Offenses**

The defendants RICK WEAVER BUICK GMC INC. and ADAM JAMES WEAVER are each charged with several offenses; each offense is charged in a separate count of the Superseding Indictment.   The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way.   Also, in our system of justice, guilt or innocence is personal and individual.   You must separately consider the evidence against each defendant on each offense charged, and you must return a separate verdict for each defendant on each offense.   For each defendant and offense, you must decide whether the government has proved beyond a reasonable doubt that the particular defendant is guilty of the particular offense.

Your decision on any one defendant or any one offense, whether guilty or not guilty, should not influence your decision on any of the other defendants or offenses.   Each offense and each defendant should be considered separately.

<u>Authority</u>: Third Circuit Model Criminal Jury Instructions, § 3.14

<u>**INSTRUCTION NO. 13**</u>

**Corporate Criminal Responsibility – Beginning of Trial**

The defendant RICK WEAVER BUICK GMC INC. is a corporation.   A corporation is a legal entity that may act only through individuals who are called its agents.   The agents of a corporation are its officers, directors, employees, and other persons who are authorized by the corporation to act for it.

You may find a corporate defendant guilty or not guilty of the offenses charged under the same instructions that apply to an individual defendant.   You must give to a corporate defendant the same impartial consideration of the evidence that you would give to any individual.

The legal responsibility of a corporation, if any, is based on the conduct of its agents.   To find RICK WEAVER BUICK GMC INC. guilty of the offenses charged, you will need to find that the government proved beyond a reasonable doubt that each of the elements of each offense was committed by an officer, director, employee, or some other agent of RICK WEAVER BUICK GMC INC. and that this person committed those elements within the course and scope of his employment or agency and that this person committed those elements with the intent to benefit RICK WEAVER BUICK GMC INC.

This is only a preliminary outline of corporate criminal responsibility.   At the end of the trial, I will give you final instructions on corporate criminal responsibility and on other matters of law.   Those final instructions will be more detailed; they will guide you in reaching your verdict in this case.

<u>Authority</u>: Third Circuit Model Criminal Jury Instructions § 1.19

## INSTRUCTION NO. 14

### Corporate Criminal Responsibility

A corporation is a legal entity that may act only through individuals who are called its agents.   The agents of a corporation are its officers, directors, employees, and other persons who are authorized by the corporation to act for it.

You must give to a corporate defendant the same impartial consideration of the evidence that you would give to an individual defendant.   You may find a corporate defendant guilty or not guilty of the offense charged under the same instructions that apply to an individual.

The legal responsibility of a corporation, if any, is based on the conduct of its agents. In this case, the government alleges that those agents were ADAM WEAVER, President, Douglas Grooms, General Manager and other employees of Rick Weaver Buick GMC, Inc.

 To find RICK WEAVER BUICK GMC INC. guilty of Conspiracy to Commit Wire Fraud, as charged in Count 1 of the Superseding Indictment, and Wire Fraud, as charged in Counts 2 through 13 of the Superseding Indictment, you must find that the government proved beyond a reasonable doubt each of the following three (3) requirements:

First: That each of the elements of Conspiracy to Commit Wire Fraud and Wire Fraud was committed by an officer, director, employee, or other agent of RICK WEAVER BUICK GMC INC.   I have explained in these instructions the elements of Conspiracy to Commit Wire Fraud and Wire Fraud.

Second: That each of the acts committed by ADAM WEAVER, Douglas Grooms and other employees of RICK WEAVER BUICK GMC, INC. were within the course and scope of the employment or agency given to ADAM WEAVER, President, Douglas Grooms, General Manager and other employees by RICK WEAVER BUICK GMC

INC.; and

Third: That ADAM WEAVER, President, Douglas Grooms, General Manager and other employees of RICK WEAVER BUICK GMC INC. committed each of these acts with the intent to benefit RICK WEAVER BUICK GMC INC.

In order to find that an act was committed within the course and scope of the employment or agency given to ADAM WEAVER, President, Douglas Grooms, General Manager, and other employees of RICK WEAVER BUICK GMC INC., the evidence must prove that the act related directly to the general duties that ADAM WEAVER, President, Douglas Grooms, General Manager and the other employees of RICK WEAVER BUICK GMC INC. were expected to perform by RICK WEAVER BUICK GMC INC.   However, the government does not need to prove that the act was authorized by RICK WEAVER BUICK GMC INC. formally or in writing.

ADAM WEAVER, President, Douglas Grooms, General Manager and other employees of RICK WEAVER BUICK GMC INC. were not acting within the course and scope of their employment if that person performed an act which RICK WEAVER BUICK GMC INC., in good faith, had forbidden them to perform.   A corporate defendant is not responsible for acts which it tries to prevent.   However, a corporate defendant, like an individual defendant, may not avoid criminal responsibility by meaningless or purely self-serving pronouncements.


Authority: Third Circuit Model Criminal Jury Instructions § 7.06

## <u>INSTRUCTION NO. 15</u>

### Personal Criminal Responsibility of a Corporate Agent

A person is personally responsible under the criminal law for acts he performs or causes to be performed on behalf of a corporation, just the same as if he performed those acts on his own behalf.

However, a person who is a president of a corporation is not criminally responsible for illegal acts committed by another agent on behalf of that corporation merely because of his status as president of the corporation unless the defendant had, by reason of his position in the corporation, responsibility and authority either to prevent in the first instance, or promptly correct, the violation complained of, and failed to do so.

<u>Authority</u>: Third Circuit Model Criminal Jury Instructions § 7.07

Respectfully submitted,

SOO C. SONG
Acting United States Attorney


/s/ Christian A. Trabold
CHRISTIAN A. TRABOLD
Assistant U.S. Attorney
PA ID No. 75013