**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal No. 16-30 Erie** |
| | : | |
| **RICK WEAVER BUICK GMC, INC.** | : | |
| **ADAM JAMES WEAVER** | : | |
| **DOUGLAS ALAN GROOMS** | : | |
| **ADAM BRAYTON COOVER** | : | |

## PROPOSED POINTS FOR CHARGE SUBMITTED ON BEHALF OF DEFENDANT, ADAM JAMES WEAVER

**AND NOW,** comes the Defendant, ADAM JAMES WEAVER, by and through his counsel, DAVID G. RIDGE, ESQUIRE, and submits the following Points for Charge from the Model Third Circuit Criminal Instructions:

**3.06      Presumption of Innocence; Burden of Proof; Reasonable Doubt**

The Defendant, Adam Weaver, pleaded not guilty to the offenses charged.  Mr. Weaver is presumed innocent.  He started the trial with a clean slate, with no evidence against him.  The presumption of innocence stays with Mr. Weaver unless and until the Government has presented evidence that overcomes that presumption by convincing you that Adam Weaver is guilty of the offenses charged beyond a reasonable doubt.  The presumption of innocence requires that you find Mr. Weaver not guilty, unless you are satisfied that the Government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that Adam Weaver has no burden or obligation to present any evidence at all or to prove that he is not guilty.  The burden or obligation of proof is on

the Government to prove that Mr. Weaver is guilty and this burden stays with the Government throughout the trial.

In order for you to find Adam Weaver guilty of the offenses charged, the Government must convince you that Mr. Weaver is guilty beyond a reasonable doubt.  That means that the Government must prove each and every element of the offenses charged beyond a reasonable doubt. A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty.  Possible doubts or doubts based on conjecture, speculation or hunch are not reasonable doubts.  A reasonable doubt is a fair doubt based on reason, logic, common sense or experience.  It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of importance in his or her own life.  It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the Government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense.  However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.

**3.07    Nature of Indictment**

As you know, the defendant, Adam James Weaver, is charged in the Indictment with violating Federal law; specifically, that Adam Weaver was involved in a criminal conspiracy to knowingly devise a scheme to defraud or to obtain money or property.  As I explained at the beginning of trial, an Indictment is just the formal way of specifying the exact crimes the defendant

is accused of committing.  An Indictment is simply a description of the charges against the defendant.  It is an accusation only.  An Indictment is not evidence of anything, and you should not give any weight to the fact Adam Weaver has been indicted when making your decision in this case.

I.    **3.14   Separate Consideration - Multiple Defendants Charged with the Same Offenses**

The defendants, Adam James Weaver and Rick Weaver Buick GMC, Inc., are charged with the offenses of Wire Fraud and Criminal Conspiracy; each offense is charged in a separate count of the Indictment.  The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way.  Also, in our system of justice, guilt or innocence is personal and individual.  You must separately consider the evidence against each defendant on each offense charged, and you must return a separate verdict for each defendant on each offense.  For each defendant and offense, you must decide whether the Government has proved beyond a reasonable doubt that the particular defendant is guilty of the particular offense.

Your decision on any one defendant or any one offense, whether guilty or not guilty, should not influence your decision on any of the other defendants or offenses.  Each offense and each defendant should be considered separately.

II.    **Final Instructions, Considerations of Particular Kinds of Evidence**

**4.08 – Opinion Evidence (Expert Witness)**

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from Jay Goldman.  Because of his knowledge, skill, experience, training or education in the fields of banking and lending institutions and the automobile sales industry, Mr. Goldman was permitted to offer an opinion in those areas and the reasons for that opinion.

The opinions this witness stated should receive whatever weight you think appropriate, given all the other evidence in the case. In weighing this opinion testimony, you may consider the witness' qualifications, the reasons for the witness' opinions, and the reliability of the information supporting the witness' opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses. You may disregard the opinions entirely if you decide that Mr. Goldman's opinions are not based on sufficient knowledge, skill, experience, training or education. You may also disregard the opinions if you conclude that the reasons given in support of the opinions are not sound, or if you conclude that the opinions are not supported by the facts shown by the evidence, or if you think that the opinions are outweighed by other evidence.

**4.09 – Opinion Evidence (Lay Witnesses)(F.R.E. 701)**

Witnesses are not generally permitted to state their personal opinions about important questions in a trial. However, a witness may be allowed to testify to his or her opinion if it is rationally based on the witness' perception and is helpful to a clear understanding of the witness' testimony or to the determination of a fact in issue.

In this case, I permitted _____ to offer his or her opinion based on his perceptions. The opinion of this witness should receive whatever weight you think appropriate, given all the other evidence in the case and the other factors discussed in these instructions for weighing and considering whether to believe the testimony of witnesses.

**4.18 – Credibility of Witnesses - Law Enforcement Officer**

You have heard the testimony of a law enforcement officer. The fact that a witness is employed as a law enforcement officer does not mean that his testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness. At the same time, it is quite legitimate for defense counsel to try to attack the believability of a law enforcement witness

on the ground that his/her testimony may be colored by a personal or professional interest in the outcome of the case.  You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

### 4.19 – Credibility of Witnesses - Witness Who Has Pleaded Guilty to Same or Related Offense, Accomplices, Immunized Witnesses, Cooperating Witnesses

You have heard evidence that Doug Grooms and Adam Coover each are alleged co-defendants, someone who says he participated in the crime charged; and has made a plea agreement with the Government; and/or received a benefit from the Government in exchange for testifying.

Their testimony was received in evidence and may be considered by you.  The Government is permitted to present the testimony of someone who has received a plea bargain from the Government in exchange for his testimony, but you should consider the testimony of Doug Grooms and Adam Coover with great care and caution.  In evaluating their testimony, you should consider this factor along with the others I have called to your attention.  Whether or not their testimony may have been influenced by the plea bargain is for you to determine.  You may give their testimony such weight as you think it deserves.

**In evaluating their testimony with great care and caution, you should also determine whether there is evidence which corroborates their testimony.  If that corroborating evidence is insufficient, you may determine that their testimony is not trustworthy, and should not be relied upon in determining whether the Government has met its burden of proof beyond a reasonable doubt.**

**See, e.g., *U.S. v. Isaac,* 134 F.3d 199, 204-205 (3d Cir. 1998)**

You must not consider Doug Grooms' and Adam Coover's guilty plea as any evidence of Adam Weaver's guilt.  Each of their decisions to plead guilty was a personal decision about his own guilt.  Such evidence is offered only to allow you to access the credibility of the witness; to

eliminate any concern that Adam Weaver has been singled out for prosecution; and to explain how the witness came to possess detailed first-hand knowledge of the events about which he testified. You may consider Doug Grooms' and Adam Coover's guilty plea only for these purposes.

**4.22 – Impeachment of Witness-Prior Inconsistent Statement for Credibility Only**

You have heard the testimony of certain witnesses. You have also heard that before this trial that certain witnesses made statements that may be different from their testimony in this trial. It is up to you to determine whether the statements were made and whether they were different from the witness' testimony in this trial. These earlier statements were brought to your attention only to help you decide whether to believe the witness' testimony here at trial. You cannot use it as proof of the truth of what the witness said in the earlier statements. You can only use it as one way of evaluating the witness' testimony in this trial.

You also heard evidence that certain witnesses made statements before this trial that were sworn testimony; e.g., made under oath, such as at a deposition or given before the grand jury and that may be different from his/her testimony at trial. When a statement is made under oath, you may not only use it to help you decide whether you believe the witness' testimony in this trial but you may also use it as evidence of the truth of what the witness(es) said in the earlier statements. But when a statement is not made under oath, you may use it only to help you decide whether you believe the witness' testimony in this trial and not as proof of the truth of what the witness said in the earlier statements.

**4.23 – Impeachment - Bad Character for Truthfulness (F.R.E. 608(a))**

**Reputation evidence:** You heard evidence concerning the reputation for untruthfulness of Doug Grooms and Adam Coover. You may consider this evidence in deciding whether or not to believe Doug Grooms and Adam Coover. You should give this evidence whatever weight you

decide is appropriate.

**4.24 – Impeachment of Witness - Prior Bad Acts (F.R.E. 608(b))**

You heard evidence that Adam Coover committed other prior bad acts that led to unrelated criminal charges.  You may consider this evidence, along with other pertinent evidence, only in deciding whether to believe Adam Coover and how much weight to give his testimony.

**4.25 – Impeachment of Witness - Prior Conviction (F.R.E. 609)**

You heard evidence that Doug Grooms, a witness, was previously convicted of crimes involving Theft and Fraud.  You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe Doug Grooms and how much weight to give to his testimony.

**4.26 – False in One, False in All (*Falsus in Uno, Falsus in Omnibus*)**

If you believe that a witness knowingly testified falsely concerning any important matter, you may distrust the witness' testimony concerning other matters.  You may reject all of the testimony or you may accept such parts of the testimony that you believe are true and give it such weight as you think it deserves.

**4.27 – Defendant's Choice Not to Testify or Present Evidence**

Adam Weaver did not testify in this case.  A defendant has an absolute constitutional right not to testify.  The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant.  The defendant is never required to prove that he is innocent.  You must not attach any significance to the fact that Adam Weaver did not testify.  You must not draw any adverse inference against him because he did not take the witness stand.  Do not consider, for any reason at all, the fact that Adam Weaver did not testify.  Do not discuss that fact during your deliberations or let it influence your decision in any way.

**4.28 – Defendant's Testimony**

In a criminal case, the defendant has a constitutional right not to testify.  However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf.  In this case, Adam Weaver testified.  You should examine and evaluate his testimony just as you would the testimony of any witness.

**4.39    Defendant's Character Evidence**

You have heard testimony that a defendant has a good reputation in his community for being honest and truthful.  You may consider such evidence, along with all other evidence in the case, in reaching your verdict.  Evaluate such character evidence, along with all of the other evidence in this case, in deciding whether the Government has proved the crime charged beyond a reasonable doubt.

**III.    Chapter 6 –Final Instructions - Elements of Offenses**

**6.18.371C    Conspiracy - Existence of an Agreement**

The first element of the crime of Conspiracy is the existence of an agreement.  The Government must provide beyond a reasonable doubt that two or more persons knowingly and intentionally arrived at a mutual understanding or agreement, either spoken or unspoken, to work together to achieve the overall objective of the conspiracy, to commit Wire Fraud.

The Government does not have to provide the existence of a formal or written agreement, or an express oral agreement spelling out the details of the understanding.  The Government also does not have to provide that all the members of the conspiracy directly met, or discussed between themselves their unlawful objectives or agreed to all the details or agreed to what the mans were by which the objectives would be accomplished.  The Government is not even required to prove that all the people named in the Indictment were, in fact, parties to the agreement, or that all members of the alleged conspiracy are even known.  What the Government must prove beyond a reasonable

doubt is that two or more persons in some way or manner arrived at some type of agreement , mutual understanding or meeting of the minds to try to accomplish a common and unlawful objective.

You may consider both direct evidence and circumstantial evidence in deciding whether the Government has proved beyond a reasonable doubt that an agreement or mutual understanding existed.  You may find the existence of a conspiracy based on reasonable inferences drawn from the actions and statements of the alleged members of the conspiracy, from the circumstances surrounding the scheme, and from evidence of related facts and circumstances which prove that the activities of the participants in a criminal venture could not have been carried out except as the result of a preconceived agreement, scheme or understanding.

**6.18.371D        Conspiracy – Membership in the Agreement**

If you find that a criminal agreement or conspiracy existed, then in order to find Adam Weaver guilty of conspiracy, you must also find that the Government proved beyond a reasonable doubt that Adam Weaver knowingly and intentionally joined that agreement or conspiracy during its existence.  The Government must prove that Adam Weaver knew the goal or objective of the agreement or conspiracy and voluntarily joined it during its existence, intending to achieve the common goal or objective and to work together with the other alleged conspirators toward that goal or objective.

The Government need not prove that Adam Weaver knew everything about the conspiracy or that he knew everyone involved in it, or that he was a member from the beginning.  The Government also does not have to prove that Adam Weaver played a major or substantial role in the conspiracy.

You may consider both direct evidence and circumstantial evidence in deciding whether Adam Weaver joined the conspiracy, knew of its criminal objective, and intended to further the

objective. Evidence which shows that Adam Weaver only knew about the conspiracy, or only kept "bad company" by associating with members of the conspiracy, or was only present when it was discussed or when a crime was committed, is not sufficient to prove that Adam Weaver was a member of the conspiracy even if Adam Weaver approved of what was happening or did not object to it. Likewise, evidence showing that Adam Weaver may have done something that happened to help a conspiracy does not necessarily prove that he joined the Conspiracy. **Also, you must not infer Adam Weaver's knowledge of the conspiracy or any involvement in one if it did exist merely because he was the overall manager of the company and a supervisor of Doug Grooms.** You may, however, consider this evidence, with all the other evidence, in deciding whether the Government proved beyond a reasonable doubt that Adam Weaver joined the conspiracy.

### 6.18.371E      Conspiracy – Mental States

In order to find Adam Weaver guilty of conspiracy, you must find that the Government proved beyond a reasonable doubt that Adam Weaver joined the conspiracy knowing of its objective and intending to help further or achieve that objective. That is, the Government must prove: (1) that Adam Weaver knew of the objective or goal of the conspiracy, (2) that Adam Weaver joined the conspiracy intending to help further or achieve that goal or objective, and (3) that Adam Weaver and at least one other alleged conspirator shared a unity of purpose toward that objective or goal.

You may consider both direct evidence and circumstantial evidence, including Adam Weaver's words or conduct and other facts and circumstances, in deciding whether Adam Weaver had the required knowledge and intent.

### 6.18.371F      Conspiracy -- Overt Acts

With regard to the fourth element of conspiracy – overt acts – the Government must prove beyond a reasonable doubt that during the existence of the conspiracy, at least one member of the

conspiracy performed at least one of the overt acts described in the Indictment, for the purpose of furthering or helping to achieve the objective of the conspiracy.

The Indictment alleges certain overt acts.  The Government does not have to prove that all of these acts were committed or that any of these acts were themselves illegal.   Also, the Government does not have to prove that Adam Weaver personally committed any of the overt acts. The Government must prove beyond a reasonable doubt that at last one member of the conspiracy committed at least one of the overt acts alleged in the Indictment and committed it during the time that the conspiracy existed, for the purpose of furthering or helping to achieve the objective of the conspiracy.  You must unanimously agree on the overt act that was committed.

**6.18.371G      Conspiracy – Success Immaterial**

The Government is not required to prove that any of the members of the conspiracy were successful in achieving any or all of the objectives of the conspiracy.  You may find Adam Weaver guilty of conspiracy if you find that the Government proved beyond a reasonable doubt the elements I have explained, even if you find that the Government did not prove that any of the conspirators actually committed Wire Fraud.  Conspiracy is a criminal offense separate from the offenses that were the objectives of the conspiracy; conspiracy is complete without the commission of those offenses.

**6.18.1343-2    Wire Fraud - Elements of the Offense (18 U.S.C. §1343)**

Counts 2-13 of the Indictment charge the defendant, Adam Weaver, with wire fraud, which is a violation of federal law.

In order to find the defendant guilt of these offenses, you must find that the Government proved each of the following three elements beyond a reasonable doubt:

First: That Adam Weaver knowingly devised a scheme to defraud or to obtain money or

property by materially false or fraudulent pretenses, representations or promises.

Second: That Adam Weaver acted with the intent to defraud; and

Third: That in advancing, furthering or carrying out the scheme, Adam Weaver transmitted any writing, signal or sound by means of a wire, radio or television communication in interstate commerce or caused the transmission of any writing, signal or sound of some kind by means of a wire, radio or television communication in interstate commerce.

Respectfully submitted,

**THE RIDGE LAW OFFICE**

BY:_____s/David G. Ridge, Esquire_____
David G. Ridge, Esquire
246 West Tenth Street
Erie, Pennsylvania 16501
(814) 454-1010

Attorney for Defendant, Adam Weaver

Points for Charge

# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **Criminal No. 16-30 Erie** |
| | : | |
| RICK WEAVER BUICK GMC, INC. | : | |
| ADAM JAMES WEAVER | : | |
| DOUGLAS ALAN GROOMS | : | |
| ADAM BRAYTON COOVER | : | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Proposed Points for Charge Submitted on behalf of Defendant Adam James Weaver, was served this date via email upon the following individuals, in accordance with Rules of this Court:

Christian A. Trabold, Esquire
Office of the U.S. Attorney
17 South Park Row, Room A-330
Erie, Pennsylvania 16501
christian.a.trabold@usdoj.gov

Michael A. Agresti, Esquire
Marsh, Spaeder, et al.
300 State St., Suite 300
Erie, Pennsylvania 16507
magresti@marshspaeder.com

W. Penn Hackney, Esquire
Office of the Federal Public Defender
1450 Liberty Center
1001 Liberty Avenue
Pittsburgh, Pennsylvania 15222-3714
penn_hackney@fd.org

Douglas Sughrue, Esquire
428 Forbes Ave., Suite 2400
Pittsburgh, Pennsylvania 15219
dsughrue@sughruelaw.com

**THE RIDGE LAW OFFICE**

BY:  _____s/David G. Ridge, Esquire_____
       David G. Ridge, Esquire
       246 West Tenth Street
       Erie, Pennsylvania 16501
       (814) 454.1010

Dated: October 10, 2017

       Attorney for Defendant Adam Weaver