IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 16-30 Erie |
| | ) | |
| RICK WEAVER BUICK GMC, INC. | ) | |
| ADAM JAMES WEAVER | ) | |
| DOUGLAS ALAN GROOMS | ) | |
| ADAM BRAYTON COOVER | ) | |

**GOVERNMENT'S NOTICE OF EXPECTED TESTIMONY**

The government hereby provides notice, although no notice is required, that it expects to present in its case-in-chief, testimony from FBI Special Agent Mike Thoreson concerning statements made by employees of Rick Weaver Buick GMC Inc. concerning the conduct that forms the basis for the Superseding Indictment in this case. The government expects Special Agent Thoreson to testify specifically concerning statements made by Ron Agnew, Jay Knablein, Lynn Swain, David Alfieri and Pat Lawson. These statements are admissible and are not hearsay pursuant to Rule 801(d)(2)(D) which provides:

> A statement that meets the following conditions is not hearsay --
>
> (2) The statement is offered against an opposing party and . . .
>
> (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed.

Fed.R.Evid. 801(d)(2)(D). *See Marra v. Philadelphia Housing Authority*, 497 F.3d 286, 297 (3d Cir. 2007); *United States v. Riley*, 621 F.3d 312, 337-38 (3d Cir. 2010); *United States v. Vito*, 1988 WL 78031 (E.D. Pa. 1988).

The party offering the statement into evidence has the burden to demonstrate that the declarant made the statement within the scope of an agency relationship with the party-opponent. *Lippay v. Christos*, 996 F.2d 1490, 1497 (3d Cir. 1993), *abrogated on other grounds*, *Albright v. Oliver*, 510 U.S. 266 (1994), *as recognized in*, *Bamont v. Pa. SPCA*, 163 F.Supp.3d 138, 147 n.50 (E.D. Pa. 2016).  Although the Federal Rules of Evidence do not define "agent" or "servant", the Third Circuit has determined that Rule 801(d)(2)(D) describes the traditional master-servant relationship as understood by federal common law rules of agency.  *Lippay*, 996 F.2d at 1497 (citing *Boren v. Sable*, 887 F.2d 1032, 1038 (10th Cir. 1989)).  For example, the statement of an accountant made regarding his employment with a party will not be considered hearsay under Rule 801(d)(2)(D), even in a criminal case.  *United States v. Young*, 736 F.2d 565, 567 (10th Cir. 1983) (citing *United States v. Diez*, 515 F.2d 892, n.4 (5th Cir. 1975); *Hayes v. United States,* 407 F.2d 189 (5th Cir. 1969).

In *Zaken v. Boerer*, 964 F.2d 1319 (2d Cir. 1992), a discharged employee sued the chief executive officer (CEO) for wrongful termination on the basis of pregnancy.  At trial, the court did not allow testimony regarding statements made by the vice president of sales to an employee sales person that a prior employee had been fired because she was pregnant.  Although an officer of the company, the vice president was answerable to the CEO, who, as the company's principle owner, directed its operations and ultimately made all of the final decisions.  *Zaken*, 964 F.2d at 1323.  This sufficiently established an agency relationship between the declarant (the vice president of sales) and the party-opponent (the CEO) for purposes of admitting the employee's testimony under Rule 801(d)(2)(D) as to what the vice president had said to her against the CEO in her individual capacity.  *Id.*  Further, the vice president's statement concerned a matter within the scope of his agency, because he had ostensible authority over and took part in personnel

decisions regarding hiring and firing of sales staff.  *Id.*  And, the vice president made the statement during the course of his employment as vice president of sales.  *Id.*  Thus, the Second Circuit held that the vice president's statement that a prior employee was fired because of her pregnancy was admissible against the CEO under Rule 801(d)(2)(D).  *Id.*

In *United States v. Poulin*, 461 F.App'x 272 (4th Cir. 2012), after his conviction for health care fraud, the doctor defendant argued that witnesses provided hearsay testimony when they recounted statements made by the doctor's former employees about refusing to alter patient records.  The testimony was admitted as non hearsay under Rule 801(d)(2)(D) – statements offered against a party that were made by the party's agent or servant concerning a matter within the scope of the agency or employment made during the existence of the relationship.  This exception to the rule against hearsay applies whenever an employee makes a statement about a matter within the scope of her employment even if she is not authorized to speak on the matter.  *Poulin*, 461 F.App'x at 282.  The doctor claimed that the hearsay exception for statements offered against a party-opponent did not apply because an employee does not act within the scope of her employment when she refuses to perform a task assigned by her employer which she labels as illegal.

The court, however, noted that the concern of Rule 801(d)(2)(D) is not whether the employee was carrying out the employer's wishes or whether the employee's statement was authorized.  *Id.*  Rather, the relevant inquiry is whether the out-of-court statement demonstrates that it was about a matter within the scope of the employment.  *Id.*   In *Poulin*, the employment duties of the employees who refused to alter patient files included maintaining the contents of those files and their statements were made to Poulin and other employees.  Accordingly, the court determined that their statements concerned matters within the scope of the employment

relationship and were admissible under Rule 801(d)(2)(D).  *Id. See also United States v. Lauersen*, 348 F.3d 329 (2d Cir. 2003) (former patient's testimony regarding what nurse told her at doctor's appointment not hearsay as offered against doctor in health care fraud prosecution).

      Here the statements of the employees were made concerning matters within the scope of their employment with Rick Weaver Buick GMC Inc. namely, their knowledge of and involvement in the purchase and sale of the vehicles involved in the charged conspiracy.  The statements of the employees were all provided at a time when the employees were still employed at Rick Weaver Buick GMC.  Thus, the statements are clearly admissible against both the corporation and Adam Weaver.

      Respectfully submitted,

      SOO C. SONG
      Acting United States Attorney


      s/ Christian A. Trabold
      CHRISTIAN A. TRABOLD
      Assistant U.S. Attorney
      PA ID No. 75013