IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.   : | Criminal No. 16-30 Erie |
| : | |
| RICK WEAVER BUICK GMC, INC.   : | |
| ADAM JAMES WEAVER   : | |
| DOUGLAS ALAN GROOMS   : | |
| ADAM BRAYTON COOVER   : | |

### RESPONSE OF DEFENDANT ADAM JAMES WEAVER TO GOVERNMENT'S MOTION IN LIMINE REGARDING DEFENDANTS' PAYMENTS TO THE VICTIM LENDING INSTITUTIONS

**AND NOW,** comes the Defendant, ADAM JAMES WEAVER, by and through his counsel, DAVID G. RIDGE, ESQUIRE, and files the following Response to Government's Motion in Limine Regarding Defendants' Payments to the Victim Lending Institutions, and in support thereof, states as follows:

**I.   Response**

1. The Government has filed a Motion in Limine regarding evidence the defense intends to present about reimbursement payments/ "charge backs"/repayments that the defendant, Adam Weaver, as principal, and Rick Weaver Buick GMC would have had to have made to various lending institutions or other third party businesses involved in the transactions for certain vehicles in the Superseding Indictment. Those reimbursements/ "charge backs"/repayments were necessitated in some specific situations when the loans involved with the vehicles in the Superseding Indictment went into default.

2. Rule 408 does not prevent prohibition of that type of evidence. The purpose of Rule 408 is actually to encourage settlement and compromise and provides a protection for parties who

are attempting to do so.  However, it is not directly applicable here, primarily because there were no negotiations or statements made in attempt to compromise.

3.No settlement negotiations were held, and no statements regarding criminal liability were made by any of the parties involved in the reimbursements/ "charge backs"/repayment.

4.The defendants, Adam Weaver and/or Rick Weaver Buick GMC had, in certain instances, contractual obligations to make reimbursements/ "charge backs"/repayments when requested to do so by any party who was negatively affected by any loan that went into default.

5.No agreements regarding reimbursements/ "charge backs"/repayments were made with any third party or lending institution after the defendant was indicted.  Therefore, there is no information which would allow the Government to argue that repayment at that time was evidence of a consciousness of guilt.

6.Federal Rule of Evidence 401 supports the presentation of this evidence as being relevant.  There is no prejudicial impact to the Government if evidence regarding repayments to certain lending institutions or any other third parties who would have requested or received reimbursement/repayment. Furthermore, the evidence has significant probative value since it would show that the defendants, Adam Weaver and Rick Weaver Buick GMC, would not have had the financial motive attributed them to knowingly engage in a conspiracy involving acquiring automobile loans through fraudulent means since they, unlike any other co-defendants or any other parties, would have potentially suffered a financial detriment because of repayment requirements.

7.Therefore, since Rule 408 is inapplicable, and since the offered evidence supports the lack of motive by the defendant, as well as showing Rick Weaver Buick GMC business operations and proper business policies, the Government's Motion should be denied.

**MEMORANDUM IN SUPPORT**

**II.     Discussion**

8. Neither the specific language of Rule 408 nor the Comments support the Government's position that 408 is applicable to the presentation of defense evidence that the defendant was required to make certain reimbursements, pay "charge backs" or to buyout contracts for vehicles whose automobile loans went into default.

9. The Authors' Comments for Rule 408 state:

> **(1) Scope and purpose of Rule 408.** Rule 408 excludes evidence that a party (a) offered to compromise a claim or (b) actually compromised a claim, when offered to prove the validity of the claim, the invalidity of the claim, or the amount of damages. The rule is premised primarily on the notion that without this protection parties would be deterred from entering into settlement discussions with their opponents. S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist., 50 F.3d 476, 480 (7th Cir. 1995). Rule 408 may apply even when the claim presently being litigated is not identical to the claim that was the subject of the compromise negotiations. See Lyondell Chemical Co. v. Occidental Chemical Corp., 608 F.3d 284, 295-300 (5th Cir. 2010) (surveying case law regarding scope of Rule 408).

10. Rule 408 has no applicability to the presentation of evidence by the defense regarding the losses or the detrimental financial impact upon the defendant and Rick Weaver Buick GMC when loans went into default.

11. As for the Government's position that any evidence of repayment after indictment would show consciousness of guilt, the defense believes that no agreement to pay back any amount requested by a lending institution or other third party was made after indictment. If any payment was made in conjunction with the agreement to repay, that evidence would be irrelevant because of the agreement to repay being made prior to the indictment.

12. Also, evidence of agreement to repay is not evidence of consciousness of guilt.

Testimony will show that there were contractual obligations between Rick Weaver Buick GMC and/or various lending institutions or other third party businesses which provide automobile insurance, gap coverage, warranties, etc., which would be adversely affected when loans went into default. A dealership would then have obligations when specific contractual language required it to make repayments, pay "charge backs," "buy back" contracts, etc. Therefore, the fulfillment of a civil contractual obligation would not be evidence of guilt, and any attempt to offer it as such would be misleading and objectionable.

13. Finally, the introduction of such evidence by the defense would be permitted pursuant to Rule 401, which states that,

> "evidence is relevant if:
>
> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
>
> (b) the fact is of consequence in determining the action."

The evidence which would be offered by the defense concerning the matters referred to above meets those standards. It negates the Government's theory that the defendant had a financial motive to participate in a conspiracy to commit fraud. It would negate any personal motive and would also support the defense in his position of principle of Rick Weaver Buick GMC that he would have an obligation to limit any potential loss or financial setback to his company, unlike his co-defendants who did not have that responsibility.

14. Therefore, the Government's Motion should be denied.

Respectfully submitted,

**THE RIDGE LAW OFFICE**


BY:   s/David G. Ridge, Esquire
      David G. Ridge, Esquire
      246 West Tenth Street
      Erie, Pennsylvania 16501
      (814) 454-1010

      Attorney for the Defendant

Response re Paymt to Lenders

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| v. | :  Criminal No. 16-30 Erie |
| | : |
| **RICK WEAVER BUICK GMC, INC.** | : |
| **ADAM JAMES WEAVER** | : |
| **DOUGLAS ALAN GROOMS** | : |
| **ADAM BRAYTON COOVER** | : |

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Response of Defendant, Adam James Weaver, to Government's Motion in Limine Regarding Defendants' Payments to the Victim Lending Institutions and Memorandum in Support was served this date via email upon the following individuals, in accordance with Rules of this Court:

Christian A. Trabold, Esquire
Office of the U.S. Attorney
17 South Park Row, Room A330
Erie, Pennsylvania 16501
christian.a.trabold@usdoj.gov

Michael A. Agresti, Esquire
Marsh Spaeder, et al.
300 State St., Suite 300
Erie, Pennsylvania 16507
magresti@marshspaeder.com

W. Penn Hackney, Esquire
Office of the Federal Public Defender
1450 Liberty Center
1001 Liberty Avenue
Pittsburgh, Pennsylvania 15222-3714
penn_hackney@fd.org

Douglas Sughrue, Esquire
428 Forbes Ave., Suite 2400
Pittsburgh, Pennsylvania 15219
dsughrue@sughruelaw.com

THE RIDGE LAW OFFICE

By: ____s/David G. Ridge, Esquire____
David G. Ridge, Esquire

Dated: October 16, 2017

246 West Tenth Street
Erie, PA 16501
(814) 454-1010

Attorney for Defendant, Adam Weaver