THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 16-30 Erie |
| | : | |
| RICK WEAVER BUICK GMC, INC. | : | |
| ADAM JAMES WEAVER | : | |
| DOUGLAS ALAN GROOMS | : | |
| ADAM BRAYTON COOVER | : | |

**RESPONSE IN OPPOSITION TO GOVERNMENT'S NOTICE OF INTENT TO
INTRODUCE EVIDENCE PURSUANT TO RULE 404 (B)**

RICK WEAVER BUICK, GMC, INC., by and through its counsel, MICHAEL A. AGRESTI, ESQUIRE, files this Response in Opposition to Government's Notice of Intent to Introduce Evidence Pursuant to Rule 404 (b).

**I.   RESPONSE:**

The Government filed a Notice that it intends to introduce certain alleged prior bad acts in the form of three separate car deals that involved alleged false down payment information dated as follows: March 17, 2015, August 20, 2015 and, September 22, 2015.  The Government has further indicated that the September 22nd deal involved Defendant Adam Coover.

The Government contends that it has three purposes for introducing this evidence: (1) to establish the "defendants' intent to commit the charged offenses; (2) to establish that the false down payments presented to the financial institutions for the transactions at Counts 2 and 10 were not an accident or mistake and (3) to establish that the false down payments involved at Count 2 and 10 and in reference to Count 1,are part of a common plan involving the defendants.

The Government does not identify the buyers for the March 17, 2015 and August 20, 2015 transactions, nor does not allege that Defendant Adam Coover was involved in these two

transactions. Instead, upon information and belief, the transactions referenced on March 17, 2015 and August 20, 2015 did not involve Mr. Coover or anyone else having anything to do with him, including any of the alleged straw purchasers referenced in the Superseding Indictment.

None of these three transactions should be admitted into evidence for the reasons set forth below.

## II.    ARGUMENT

To be admissible, prior-act evidence must satisfy the test set forth in *Huddleston v. United States*, 485 U.S. 681 (1988). As the Supreme Court stated there, the proffered evidence must be: (1) offered for a proper purpose under Rule 404(b)(2); (2) relevant to that purpose; (3) sufficiently probative under the Rule 403 balancing requirement; and (4) accompanied by a limiting instruction, if requested. *Id.* at 691-92  And, "unless the reason is apparent from the record, a mere list of the purposes found in Rule 404(b) is insufficient." *United States v. Sampson*, 980 F.2d 883, 888 (3d Cir. 1992). Indeed, "[t]he district court must put a chain of inferences into the record, none of which is the inference that the defendant has a propensity to commit this crime." *Id.*

In *United States v. Smith,* 725 F.3d 340 (3rd Cir. 2013), the Third Circuit recently opined that:

> To meet the first requirement for admissibility, the proponents of Rule 404(b) evidence must do more than conjure up a proper purpose—they must also establish a chain of inferences no link of which is based on a propensity inference. *United States v. Echeverri*, 854 F.2d 638, 644 (3d Cir. 1988); *Sampson*, 980 F.2d at 886-87; *see also* 22 CHARLES ALAN WRIGHT & KENNETH W. GRAHAM JR., FEDERAL PRACTICE AND PROCEDURE: EVIDENCE § 5239, at459 (1978) ("[E]vidence of other crimes can be used to prove the conduct of a person if the inference to conduct can be made without the need to infer the person's character as a step in the reasoning from the other acts to the conduct in issue.").

In this case, two of the three transactions had nothing to do with the alleged conspiracy or the parties alleged to be its members. They involved sales to individuals having nothing to do with Adam Coover, who is the central figure and common link for all of the counts in the Superseding Indictment. Indeed, one, the March 17th purchase, is far removed from the transactions set forth in the Superseding Indictment.

As the Third Circuit in *Smith* held, the government must do more than conjure up a proper purpose for attempting to introduce these two unrelated transactions that establishes a chain of inferences "no link of which is based on a propensity inference." There is simply no connection between the March 17th and August 20th transactions and those set forth in the Superseding Indictment. In order to establish a chain of inferences from these two isolated and unrelated transactions to those transactions set forth in the Superseding Indictment, one must necessarily rely on a propensity inference -- which is a forbidden purpose.

Moreover, all three transactions should be inadmissible based upon the balancing test required under Rule 403. The March 17th and August 20th transactions have little, if any, probative value, given the fact that they did not involve the parties alleged to have been part of the conspiracy in the Superseding Indictment. Conversely, the unfair prejudice to Rick Weaver Buick GMC is substantial.

The September 22, 2015 transaction that involved defendant Adam Coover, while more relevant than the two unrelated and isolated transactions referenced above, should still be inadmissible. Any probative value of this evidence is substantially outweighed by the danger of confusion of the issues, considerations of undue delay, waste of time and needless presentation of cumulative evidence. *United States v. Cross*, 308 F.3d 308, 323 (3rd. Cir. 2002). As noted by the Government in its Notice, the Superseding Indictment already has two transactions that are alleged

to involve false and/or inflated down payments. Further, this matter is already complex enough with 12 separate vehicle transactions involving voluminous documents for each transaction that the jury will be asked to review and understand. Introducing yet another, unindicted transaction to the mix is very likely to cause undue delay, waste of time and/or needless presentation of cumulative evidence.

Finally, the "limiting instruction" offered by the Government in its Notice does not adequately ameliorate the unfair prejudice that would be caused by the admission of this evidence. "A limiting instruction will minimize to some degree the prejudicial nature of other [bad] acts; it is not, however, a sure-fire panacea for the prejudice resulting from needless admission of such evidence. *United States v. Haywood*, 280 F.3d 715 (6th Cir. 2002) (citing *United States v. Garcia-Rosa*, 876 F.2d 209, 222 (1st Cir.1989), judgment vacated in part sub. nom. by *Rivera-Feliciano v. United States*, 498 U.S. 954, 111 S.Ct. 377, 112 L.Ed.2d 391 (1990) ( "[i]f limiting instructions could remedy all such errors, the government would easily be able to circumvent Rules 404(b) and 403").

For the foregoing reasons, the Government should not be permitted to introduce evidence of the prior alleged bad acts set forth in its Notice.

    Respectfully submitted,
**MARSH SPAEDER BAUR SPAEDER & SCHAAF, LLP**

BY:    s/Michael A. Agresti, Esquire
    Michael A. Agresti, Esquire
    300 State Street, Suite 300
    Erie, Pennsylvania 16507
    (814) 456-5301

    Attorney for Defendant, Rick Weaver
    Buick GMC, INC.